CATO vs. THE STATE OF GEORGIA.

1. That the clerk of the superior court at the trial furnished counsel a list of names of persons on the array of jurors, some of whom were described by the initial letters of their given names, and that the full names of the jurors were written out on the jury list, furnished no ground for challenge.

2. Where a juror, when asked whether his mind was perfectly impartial between the state and the accused, answered that he " could not say it was," but when told he must answer the question yes or no, answered "yes," there was no error in holding him competent.

(a.) It is doubtful whether the decision of the court as a trior in this collateral issue is a subject of review.

3. The charges and instructions of the court as to justifiable homicide, murder and malice were not erroneous. The case is one of murder, if the evidence submitted on the trial is true; there is no element in the case but murder, and the charge of the court as to voluntary manslaughter and justifiable homicide was so much favor shown by him to the accused.

April 25, 1884.

Criminal Law. Murder. Jury and Jurors. Charge of Court. Practice in Supreme Court. Homicide. Before Judge HAMMOND. DeKalb Superior Court. September Term, 1883.

To the report contained in the decision it is only necessary to add the following:

Defendant introduced no evidence. The evidence for the state showed, in brief, the following facts as to the homicide: Dukes (the person killed) stopped by the house of one Henderson, and said he had more " rations " than he could conveniently carry. He put down such things as he desired to leave, and was about taking his departure when he met defendant, Henry Cato. They began talking, and the discussion waxed warm. Defendant began cursing Dukes, and the latter told him to stop or they would have a difficulty; defendant persisted, and Dukes put down the " rations " which he was carrying. Other members of the Henderson family came up, and one of them

told Cato to go on home and quit cursing up there in front of the house; while another one told Dukes to go home and not to mind Cato, whom he characterized as an "old fool." Dukes said he did not like to be cursed merely because Cato had a little piece of land. He was again told to go home. Defendant went into the house and sat down. Dukes said, "Good night to you all," and started home. Defendant jumped up, went out to Dukes, and said he wanted to see him "something about this land." Dukes replied, "You go to Mr. Winn, Henry." Defendant responded, "No, I want to see you;" and said, "You and old man John are Lock Winn's pets anyway." Dukes told him not to say that again. Defendant repeated it and put his foot on that of Dukes; the latter pushed him back; and defendant thereupon stabbed him seven times, inflicting wounds which caused death. Dukes caught hold of defendant during the stabbing, and there was a little pushing or scuffling. Dukes called out that he was stabbed to death; one of the Hendersons told them to let go each other, which was done, and Dukes soon sank from loss of blood, and dies in a few days.

The charges which are referred to in the third division of the decision are alleged as erroneous in the amended motion for new trial, as follows:

(1.) Because the court erred in charging the jury that "justifiable homicide is the killing of a human being by a person in self-defence, that is, in defence of his own person against one who manifestly intends or endeavors, by violence or surprise, to commit a felony on his person. Now if the defendant, as charged in this indictment, killed the person he is charged to have killed, and as therein charged, and he did that in self-defence, that is, in defence of his person against the man he killed; if that person so killed was manifestly intending or endeavoring, by violence or surprise, to commit a felony on his person, then the law says such killing would be self-defence and justifiable. If he killed the person, as charged in the indictment, be-

cause he may have had a bare fear that such person so killed was intending or endeavoring, by violence or surprise, to commit a felony on his person, he would be guiltless; but the law says it must appear that the circumstances were sufficient to excite the fears of a reasonable man, and that the party killing acted under the influence of those fears, and not in a spirit of revenge. The law says further that, if a person kill another in his own defence, it must appear that the danger was so urgent and pressing at the time of the killing that, in order to save his own life, the killing of the other was absolutely necessary, and that the person killed was the assailant, and that the slayer had in good faith declined further combat before the mortal blow was given."

(2.) Because the court charged as follows: "Did the defendant kill the person that he is charged to have killed, in the indictment, and as therein charged? If he did, were the circumstances surrounding the parties at the time of the killing sufficient to excite the fears of a reasonable man that the person whom he killed was manifestly intending or endeavoring, by violence or surprise, to commit a felony on his person? If the circumstances were of that kind, it would be justifiable homicide, and the law would require you to find the defendant not guilty of the offense charged in the bill of indictment."

(3.) Because the court charged as follows: "Do the circumstances of the case show a deliberate intention on his part unlawfully to take away the life of the person he is charged to have killed; or do the circumstances show that there was no considerable provocation, and do they show an abandoned and malignant heart?"

(4) Because the court charged as follows: "If the evidence in the case shows that the defendant killed the person whom he is charged to have killed and as therein charged, then the presumption in law would be, as soon as that is shown, that the killing was murder; and it must appear from the evidence, before you can find

the killing to have been justifiable homicide, or to have been voluntary manslaughter, that it was not an unlawful killing, or that it was not done with malice aforethought, either express or implied. That does not mean that the defendant must introduce evidence for the purpose of showing that fact."

CANDLER, THOMSON & CANDLER, for plaintiff in error.

C. ANDERSON, attorney general; B. H. HILL, solicitor general, for the state.

BLANDFORD, Justice.

The plaintiff in error was indicted for murder, found guilty, and sentenced to suffer death. He made a motion for new trial on many grounds, and the court overruled this motion; whereupon he excepted, and this is here assigned as error.

1. The clerk at the trial furnished counsel a list of the names of the persons on the array, some of whom were described by the initial letters of their given names. The counsel for the accused challenged these persons as not being on the list of persons selected by the jury commissioners, on the list filed in the clerk's office; but it appears that the full names of the jurors were written out on the jury lists. The court overruled this objection, and we think he did right. Any other ruling would have been contrary to law. No reason is necessary to be stated in support of this ruling. This includes the first, second and third grounds in the motion for new trial.

2. The 4th ground of error is, that the court held Brice Webb to be a competent juror, he having answered the question that, as to his mind being perfectly impartial between the state and the accused, "that he could not say it was," but when told he must answer the question yes or no, he answered, "it was."

We do not think that there is anything in this ground

of the motion. When the juror was required to make a direct response to the question, he qualified himself, and the court did not err as trior in holding him qualified. This was a collateral issue, and it is doubtful whether the same is the subject of review; but at all events there was no error. *Dumas vs. The State*, 65 *Ga.*, 472; 68 *Id.*, 687; 63 *Id.*, 600.

The charges and instructions of the court as to justifiable homicide, murder and malice, as in the amended motion for new trial complained of, are not erroneous. These chargesare in accordance with the Code

This case is a fearful one of murder, if the evidence submitted on the trial is true. There is no element in the case but murder, and the charges by the court as to voluntary manslaughter and justifiable homicide were so much favor shown by the court to the accused. If the evidence be true, then there was nothing in the case but murder. The court could well have hypothesized the facts as testified to by the witnesses, and have stated to the jury, "if these facts have been proved to your satisfaction, the defendant is guilty, otherwise he is not."

Judgment affirmed.