RICHARDS <em>v.</em> THE STATE.

SIMMONS, C. J. No error of law was complained of, and the evidence was sufficient to warrant the verdict.

<em>Judgment affirmed. All the Justices concur.</em>

Submitted December 19, 1904.—Decided January 26, 1905.

Indictment for gaming. Before Judge Holden. Glascock superior court. November 21, 1904.

*E. L. Stephens* and *J. S. Peebles Jr.*, for plaintiff in error.
*D. W. Meadow, solicitor-general*, contra.

---

WOLFE <em>v.</em> THE STATE.

There being nothing in the evidence or the statement of the accused which would authorize a finding that the act charged was brought about by his criminal negligence, a charge to the effect that criminal negligence would supply the place of intent was calculated to mislead the jury, and it was error to refuse to grant a new trial on an assignment of error complaining of such charge.

Submitted January 16,—Decided January 26, 1905.

Indictment for assault with intent to murder. Before Judge Spence. Worth superior court. November 28, 1904.

*Claude Payton*, for plaintiff in error.
*W. E. Wooten, solicitor-general*, contra.

COBB, J. The accused was tried for the offense of assault with intent to murder, and convicted of the offense of shooting at another. He assigns error upon the refusal of the court to grant a new trial. The evidence for the State abundantly authorized, if it did not demand, a verdict of assault with intent to murder. The statement of the accused authorized a verdict of acquittal, upon the theory that the shooting was accidental. The judge instructed the jury, in several places in his charge, that if there was no intent to kill, but if the shooting was the result of crim-

inal negligence, the accused would still be guilty. Error is assigned upon those portions of the charge, upon the ground that there was no evidence of criminal negligence. Under the State's evidence the shooting was with an intent to kill, and under the statement of the accused the shooting was the result of an accident unmixed with negligence. In such a case a charge that criminal negligence will supply the place of intent is calculated to mislead the jury; and a new trial should have been granted because of such instruction. The motion for a new trial contains numerous other assignments of error, some of them relating to matters which will probably not occur upon another hearing. No error seems to have been committed in the admission of the evidence which was objected to, and the other portions of the charge excepted to do not seem to be subject to the objections made thereto. *Judgment reversed. All the Justices concur.*