## GARLAND *v.* THE STATE.

1. Where there is nothing in the evidence to show that the law of voluntary manslaughter is involved in the case, it is proper for the judge to omit it from his charge.

2. Where on the trial of one accused of murder the court erroneously states to the jury that the accused admits that the deceased came to her death by being shot by a pistol in his hands, thereby excluding one theory of defense presented by the prisoner's statement, error is committed requiring the grant of a new trial. And this is true notwithstanding the fact that the court may have intimated to the jury, in other portions of the charge, that the defendant did not admit that the deceased came to her death at his hands.

3. In instructing the jury as to the credibility of witnesses who have willfully sworn falsely in a material particular it is the better practice for the court to instruct the jury that their testimony is to be *entirely* rejected unless corroborated in the legal manner, instead of simply instructing that such testimony is to be rejected unless corroborated.

Submitted December 18, 1905.—Decided February 16, 1906.

Indictment for murder.   Before Judge Lewis.   Jasper superior court.   November 29, 1905.

*Greene F. Johnson*, for plaintiff in error.   *John C. Hart, attorney-general*, and *Joseph E. Pottle, solicitor-general*, contra.

BECK, J.   The evidence for the State was, in substance, as follows:   The defendant came to the house of one Mary Lizzie Jordan, where the deceased was staying, called the deceased from her room, and, after a few words with her, shot her down in cold blood. He was standing so close to the deceased when he shot that her clothing caught fire and was considerably burned.   He shot her again after she had fallen.   At this juncture Henry Jordan, a stepson of Mary Lizzie, rushed into the house and was shot in the hand by the defendant.   Henry grabbed a pistol from a trunk in the house, and with it chased the defendant away, shooting at him as he ran.   There was also evidence tending to prove that the accused and the deceased had quarreled, and that on the day before the homicide he had told the deceased's aunt that unless she (deceased) "gave him satisfaction" he would kill her.   The defendant's evidence and statement were to the effect that there had been some animosity between him and Henry Jordan, and that Jordan had intimated that he was ready for a combat with the defendant at any time; that the accused went to the house where the killing was done and asked Mary Lizzie for a drink of water, and, while she was gone to get it for him, he, being in the act of stooping over an open fire-place, lighting a cigarette, was cursed by Henry Jordan, who then appeared, and his life was threatened. "I jumped and stumbled back in the corner," the defendant said, "and he shot, and I got my pistol out of my belt and shot at him four times, and when I started shooting there was so much smoke between us I could not see [deceased].   If she got hit, she must have been trying to get out of the way and got shot."   Witnesses for the State denied that there existed any ill-will between Jordan and the defendant, while the defendant denied that he had ever threatened to kill the deceased.   It is uncontradicted that the deceased's clothes were burned, that Jordan was shot in the hand, and that Jordan pursued the defendant out of the house and for some distance, shooting at him the while.   Upon being convicted of murder, with a recommendation that he be imprisoned for life, the defendant made a motion for a new trial upon the general grounds,

53

as well as upon others which we will take up seriatim.

1. We will first dispose of those grounds of the amended motion which complain of the failure of the court to charge the law of voluntary manslaughter. This was not error. The evidence for the State, if credible, showed that the accused was guilty of murder, while the testimony in his behalf and his statement made a case of justifiable homicide. It has been repeatedly ruled that under such state of facts an omission by the court to include in its charge the law of voluntary manslaughter is proper. See *Greer* v. *State,* ante, 688; *Waller* v. *State,* 110 *Ga.* 250.

2. It is complained in one of the grounds of the motion that the court erroneously stated the contention of the accused. The court said: "It is the contention of the defendant in this case that what he did on that occasion was justifiable; . . that while he went to the house where this person was, he was assaulted by one Henry Jordan . . with a pistol, and fired upon without any justification or mitigation, and that acting in self-defense to protect his own life or to prevent a felony that was about to be perpetrated upon him, and . . acting under the fears of a reasonable man, . . he fired at his assailant, and that this shot took effect upon another person,—that woman named in the indictment, and took her life, and that he was justifiable in this act." This charge virtually tells the jury that the accused admits that the deceased came to her death at his hands, and takes from the jury the determination of the question as to whether this was a fact or not. The accused said he did not see the deceased during the duel between Jordan and himself, and that "if she got hit, she must have been trying to get out of the way and got shot." If the jury believed the statement of the defendant, as they had a right to do in preference to all other evidence, they could have believed that in this affray between Jordan and the accused the woman was shot by Jordan, had the court not instructed them that the defendant admitted that it was his shots that caused her death. And by taking from the consideration of the jury the theory that the deceased came to her death at the hands of Jordan, the court deprived the defendant of a valuable right. It is true that the jury could have rejected this theory; but that does not alter the case. When the court undertook to state to the jury the contention of the defendant, the latter had the right to have it submitted to them correctly; and

when the court deprived him of this right, reversible error was committed. Nor is the error corrected by other portions of the charge where the court used such language as: "The defendant says that he did not shoot the deceased (if he shot her at all) with malice." "If you should conclude that the deceased came to her death from a pistol in the hands of the defendant," etc. See *Brush Electric Co.* v. *Wells,* 103 *Ga.* 512; *Western & Atlantic R. Co.* v. *Clark,* 117 *Ga.* 548; *Morris* v. *Warlick,* 118 *Ga.* 421. It may be contended that the instruction complained of was not harmful to the accused, erroneous though it be, for the reason that if the jury believed the defendant's statement, he was justifiable in shooting at Jordan, and if in shooting at Jordan he killed the deceased, the homicide would have been justifiable. This contention is successfully overcome by calling attention to the fact that the jury may believe any part of the defendant's statement and reject any part. If they believed that the defendant in this case did not see the deceased, and did not believe that he shot at Jordan in self-defense, believing instead that the accused precipitated the duel by making an assault upon Jordan, had the court not instructed them that the accused admitted killing the deceased, they still would have had to determine whether the deceased was shot by Jordan or by the accused. We therefore feel constrained to hold that the court below should not have so stated the defendant's contention, and that a new trial should have been granted upon this ground.

3. Another ground of the motion complains that the court erred in charging the jury as follows: "If a witness swears wilfully, knowingly, and absolutely false on a material matter, the testimony ought to be rejected, unless corroborated by facts and circumstances in the case, or other credible evidence;" the error being that it omitted the word "entirely" after the word "rejected," and thus was subject to the construction that only upon the specific matter about which he willfully swears falsely should his testimony not be considered, when under the law his entire testimony should be rejected. While this charge may not constitute reversible error here, it is inaccurate, and the better practice would have been to include the word "entirely," in order that the instruction might more nearly conform to the statute. Civil Code, § 5295.

*Judgment reversed. All the Justices concur, except Atkinson, J., who did not preside.*