## 1890.   LOWRY *v.* THE STATE.

In a criminal case a fact relied upon as a defense, which, if true, would constitute a good defense, is sufficiently proved to entitle the defendant to an acquittal, if the evidence raises a reasonable doubt as to the existence of such fact.

Accusation of misdemeanor, from city court of Cartersville— Judge Foute.   May 1, 1909.

Argued July 20,—Decided July 31, 1909.

*J. B. Conyers, Ben J. Conyers,* for plaintiff in error.

*W. H. Milner, solicitor,* contra.

HILL, C. J.   The plaintiff in error was convicted of a violation of that portion of section 566 of the Penal Code which reads as follows: "If any person . . shall break a pound and release an animal which has been legally impounded or estrayed, without having first paid all damages that may have been incurred, he shall be punished as for a misdemeanor," etc. The evidence, briefly stated, is as follows: Four of the defendant's cows had gotten out of her pasture, which was enclosed by a barbed-wire fence, and were committing depredations on an oat field of the prosecutor, who thereupon impounded them and notified the defendant of the fact. She, in company with her son and a servant, went over to make an inves-

tigation of the matter, or, as the defendant says, to adjust the damages and get back her cows. The prosecutor declined to release the cows from the pound, unless she would first pay the damages which he had sustained, claimed to amount to $4. This the defendant refused to do, and broke the pound and released her cows and took them home with her. The defense relied upon was that the cows had not been legally impounded by the prosecutor, because, on an examination of the barbed-wire fence around the pasture where the cows of the defendant were enclosed, it was discovered that several of these wires had been recently cut, and the defendant charged that this had been done by the prosecutor for the purpose of illegally and vexatiously impounding her cows, in order to get damages from her and in revenge for a previous impounding by her of a yearling belonging to the prosecutor. There was considerable evidence as to the condition of this barbed-wire fence, and there were circumstances proved by the defendant which made it an issuable fact whether the barbed wires around the pasture had been cut by the prosecutor or some one in his interest. The prosecutor denied that he had cut the wires, and contended that the wires around the defendant's pasture were old and not strong enough to hold the cows, who had on frequent previous occasions broken out of the pasture and committed depredations on his oat field, and that he was forced to impound them in order to check their continued depredations.

The statute under which the indictment was framed requires that there shall be no unnecessary or vexatious taking up and impounding of any animal, but that the animal shall be legally impounded, and we think that it can not be said that where a person releases cattle or animals from their pasture for the purpose of impounding them, it would amount to a legal impounding or would fall within the provisions of the statute; and this defense was presented by the judge in his charge to the jury. But in presenting this defense the court, in our opinion, imposed upon the defendant too great a burden. The court charged on this subject as follows: "I charge you, gentlemen, that before you could find anybody was guilty of cutting the fence, or the fence about which this evidence has been offered, you would have to be satisfied beyond a reasonable doubt of that fact, just as you would as to the guilt of the defendant. It can not be argued simply that somebody cut the fence, without evidence to sustain it. It would have to be shown by cred-

ible evidence." This charge imposed upon the defendant the burden of proving her defense (which, if true, was a good defense) to the satisfaction of the jury and beyond a reasonable doubt. The principle of law is not only elementary, but universal, in its application to criminal cases, that if a defendant succeeds in raising a reasonable doubt in the minds of the jury as to the existence of any fact which is essential to the proof of his guilt, it would be the duty of the jury to acquit. An exception to this rule of evidence has been claimed to exist in the defense of alibi, but this court has endeavored to show in *Smith* v. *State*, 3 *Ga. App.* 803 (61 S. E. 737), that the defense of alibi presents no exception to this general rule of evidence, and that in all criminal cases the accused is entitled to an acquittal when the jury has a reasonable doubt as to the existence of any essential fact constituting guilt. If, therefore, the jury in this case had any reasonable doubt on the vital and controlling issue as to whether the prosecutor had himself cut the fence and released the cows for the purpose of illegally impounding them, the defendant should have had the benefit of that doubt and should have been acquitted. In other words, we think that the very opposite of the rule which was charged by the court is the true rule, and instead of its being incumbent upon the defendant to establish by evidence to the satisfaction of the jury and beyond a reasonable doubt that the prosecutor had in fact cut her fence and released her cows for the purpose of impounding them, the court should have instructed the jury that if they entertained any reasonable doubt as to the truth of this fact, they should acquit. Whether the cattle got out of an insecure pasture and were committing depredations upon the prosecutor's oat field when he impounded them, or whether the prosecutor or some one for him cut the wires around the defendant's pasture and released the cows, was the controlling fact in controversy, and there was evidence to support either hypothesis; and we think that the judge imposed too great a burden upon the defendant, and one which was necessarily harmful, when he in effect instructed the jury that they must believe, beyond a reasonable doubt, that the prosecutor had cut the defendant's wire fence, before she could have the benefit of that fact as a defense. For this reason alone we grant a reversal of the judgment refusing a new trial. The numerous other exceptions are without merit.

*Judgment reversed.*