## 4611. McDONALD v. THE STATE.

1. On the trial of one charged 'with murder, where the defense relied upon was justifiable homicide in self-defense, it was erroneous to instruct the jury to the effect that the burden was upon the accused to establish this defense, to the satisfaction of the jury and beyond a reasonable doubt. This placed the burden on the accused, while the law placed it on the State.
2. The other assignments of error are without merit.

DECIDED MARCH 18, 1913.

Conviction of manslaughter; from Fulton superior court—Judge Roan. December 28, 1912.

*Frank & Pat. Haralson, Emmet Blount, W. M. Smith,* for plaintiff in error.

*Hugh M. Dorsey, solicitor-general, J. D. Kilpatrick,* contra.

HILL, C. J. Frank McDonald was tried under an indictment charging him with the offense of murder, and was convicted of voluntary manslaughter. The case is here on exceptions to the judgment overruling his motion for a new trial. As we feel compelled to grant a new trial for an error in the charge of the court, we will not discuss the character or weight of the evidence. It may be stated, however, that the evidence of the guilt of the accused did not demand his conviction. We therefore the more readily set aside the verdict for the error of law which we will now consider.

1. The accused relied upon the defense of justifiable homicide in self-defense. The evidence in his behalf showed that the deceased was the aggressor; that he persistently cursed the accused and threatened to assault and kill him, and that the accused repeatedly declined the difficulty and disregarded the abusive language of the deceased, on account of the fact that it was apparent that the deceased was under the influence of intoxicating liquor. Finally the deceased struck the accused with his hand. The accused pushed the deceased back from him, saying that the deceased was drunk, and that he would see him later. The deceased thereupon ran his hand in his pocket and drew something out, and, as the deceased advanced upon the accused, the accused cut him with his knife. In applying the doctrine of reasonable doubt to this defense, the trial judge gave the following instruction: "If you believe, from the evidence, and believe it beyond a reasonable doubt, that this defendant on trial and Stevens were in a controversy, and

in that controversy Stevens ran his hand in his pocket, something like that, and drew out something, and made the defendant believe honestly that a felony was about to be visited on him, or his life was in danger at the hands of Stevens, and he simply cut him with his knife to keep him from visiting on him a felony, or taking his life, then it would be justifiable homicide." This charge was objected to, on the ground that it put upon the accused the burden of establishing his innocence beyond a reasonable doubt, a burden not placed upon him by law. Counsel for the State concede that the instruction was erroneous, but they insist that it was harmless, because the verdict was voluntary manslaughter, and this charge related to the law of self-defense, and besides it was manifestly a slip of the tongue, which did not, and could not, mislead the jury, the court repeatedly instructing them that the accused was entitled to the presumption of innocence, and that the burden was upon the State to prove every allegation in the indictment to their satisfaction, beyond a reasonable doubt, before a conviction would be authorized.

The contention that the instruction was harmless because the conviction was of voluntary manslaughter, and that, therefore, the erroneous instruction did not affect the verdict, is not well taken. The evidence relied upon as showing a case of justifiable homicide in self-defense may have been sufficient to raise a reasonable doubt in the minds of the jury, not only as to the charge of murder, but also as to the charge of voluntary manslaughter, but it might not have been considered sufficient by the jury to produce conviction of its truth beyond a reasonable doubt, and thus the accused would have been deprived, under this instruction, of the legal value of his evidence. The instruction was not general in its character; it was an application of the law to evidence in behalf of the accused, and it was a positive, concrete instruction to the jury that this evidence would not be sufficient to acquit the accused, unless the jury were convinced of its truth beyond a reasonable doubt. Doubtless the learned and experienced trial judge did not intend to tell the jury that the burden was upon the accused to prove his defense beyond a reasonable doubt, but no other rational construction can be placed upon his language, and it is wholly immaterial that the error was not intentional. It was just as harmful to the accused as though it had been an intentional misstatement of the

law on the doctrine of reasonable doubt as applied to the accused. Nor do we think that the error was cured by the general instructions correctly stating the rule as to the presumption of innocence and the burden imposed upon the State to prove to the satisfaction of the jury beyond a reasonable doubt every material allegation in the indictment. A concrete charge applying the law to the facts of the particular case is more convincing and better understood by a jury than the statement of general principles of law, however familiar they may be. True, the doctrine of reasonable doubt is so well established and so well known as a part of the jurisprudence of English-speaking people that men of ordinary intelligence understand that every one who may be accused of crime is entitled to its benefit, and it may be that the jury in the present case understood that this contrary instruction was an unintentional misstatement of the rule, but this court has no right to assume that such was the case. Surely the accused was entitled to have the evidence in his behalf weighed by the jury in accordance with the rule that every burden is upon the State, and the standard which the State must reach is that of conviction beyond a reasonable doubt; instead of which, the court placed upon the accused the burden of rebutting the case made by the State and of proving his innocence beyond a reasonable doubt. Learned counsel make the verbal criticism on the charge to the effect that the words, "beyond a reasonable doubt," apply to the word "controversy," and not to the measure of proof, and that, as thus construed, the instruction simply means, "if you believe from the evidence, and believe it beyond a reasonable doubt, that this defendant on trial and Stevens were in a controversy;" but the language will not bear this construction. The words, "beyond a reasonable doubt," qualify and limit all the remainder of the clause. It would be error if the words "beyond a reasonable doubt" applied only to the subject of the controversy; but this might have been harmless. Where they qualify all the evidence relied upon as a defense, the error is not only manifest, but most hurtful. The question here discussed can not be considered as one merely of the breach of technical rule of law. If it were, and if its effect may have been harmful, this court would not hesitate to give the accused the benefit of the rule; for this court is established for the purpose of giving to people charged with crime the benefit of every technical rule of

law which the legislature, in its wisdom, aided by the experience of the centuries, has thrown around one charged with crime. But the error takes away from the accused the most potential safeguard which the law has established for his benefit. And where all the evidence does not absolutely demand the verdict as rendered, an error of law as serious as that in the present instance compels the grant of another trial.

2. In view of the fact that there will be another trial, it becomes necessary to pass upon the ground in the motion for a new trial which assigns error on the admission in evidence of the dying declaration. We are clear that the dying declaration was properly admitted. The preliminary proof that it was in every essential particular a dying declaration was very convincing. It was prima facie a dying declaration, and the question was properly left to the determination of the jury. The other grounds of the motion for a new trial are without merit.　　　*Judgment reversed.*