### 8538.  AUGUST *v.* THE STATE.

WADE, C. J.  1. According to the testimony for the State, touching statements made by the defendant immediately after the tragedy, he discovered his wife and her paramour engaged in the act of adultery, and immediately slew them both with an axe, without engaging in any parley or altercation, but acting inferably under the influence of irresistible passion, and without any admixture of deliberation or revenge. The statement of the accused to the jury was not in conflict with the evidence for the State.  There was therefore ample testimony to authorize the verdict of voluntary manslaughter.

2. The venue was sufficiently shown.  The evidence of one witness for the State was that "this [referring to the homicide for which the accused was on trial] was in Floyd county, Georgia, where the killing occurred;" and there is nothing in the record to even suggest that the killing occurred elsewhere than in the county where the trial was had.

3. There is no merit in those grounds of the motion for a new trial which relate to the refusal of the court to submit to the jury the theory that

if they should find that the killing of the wife of the deceased by the defendant, when he intended or was endeavoring to kill her paramour, was an accident, they should acquit him. There is nothing in the record to suggest that the killing of the wife was accidental.

4. There is no merit in those grounds of the motion for a new trial, which relate to the refusal to give certain instructions as to mental incapacity to commit crime; for no plea of insanity was interposed by the defendant, who was convicted of voluntary manslaughter, and the court sufficiently instructed the jury as to the equivalent circumstances which might justify the excitement of passion and exclude all idea of deliberation or malice. The law applicable to the facts was substantially given in the charge as a whole, and there was no error in declining to give to the jury the requested instructions, by which it was sought to magnify the suggestion of the defendant's mental incapacity to commit the crime, because his reason may have been temporarily dethroned when he discovered his wife in the act of adultery.

5. The court did not err in charging the jury as follows: "As I have stated to you, the defendant could not be acquitted on account of his wife having adultery with another man, but would be guilty either of murder or voluntary manslaughter, under the rules of law given you in charge. This would be true whether the defendant killed his wife and the man at separate blows, or at one blow, with reckless disregard as to whether the blow killed the one intended or the one not intended." There was nothing in the record to require a charge to the jury on involuntary manslaughter in the commission of a lawful act without due caution or circumspection, or to suggest that the defendant slew his wife's paramour to prevent the continuation of the act of adultery then in progress, or that he struck at the paramour of the wife and killed him, under the circumstances, and that his wife was accidentally slain by the same blow, without any intention on his part to kill her. See *Washington* v. *State*, 137 *Ga.* 218 (2) (73 S. E. 512).

6. The 14th ground of the motion for a new trial is expressly abandoned in the supplemental brief of counsel for the plaintiff in error, upon the authority of *Register* v. *State*, 10 *Ga. App.* 623 (74 S. E. 429); *Register* v. *State*, 12 *Ga. App.* 1 (76 S. E. 649). It is well settled that where it is uncertain what the jury intended to find by their verdict, the judge may send them back for further consideration of the case, or for the purpose of putting the verdict in proper form to express their actual intention. See *Mangham* v. *State*, 87 *Ga.* 549, 552 (13 S. E. 558); *Cook* v. *State*, 26 *Ga.* 593.

7. There is no merit in the ground which complains of the refusal of the court to permit the defendant to go back on the stand and make an additional statement to the jury, when his counsel stated to the court that the defendant desired to tell the jury that he had no intention to kill his wife and did not know that he had killed her, it appearing further that this additional statement had been suggested to the defendant by his counsel, and not to counsel by the defendant. The matter was within the discretion of the trial judge, and it does not appear, under the circumstances, that this discretion was abused.

8. The trial judge did not err in overruling the motion for a new trial.

       *Judgment affirmed. George and Luke, JJ., concur.*

       DECIDED JUNE 13, 1917.

Indictment for murder—conviction of manslaughter; from Floyd superior court—Judge Wright. February 17, 1917.

*Eubanks & Mebane,* for plaintiff in error.

*Claude H. Porter, solicitor-general,* contra.

