*Titus & Dekle,* for defendant.

---

## 15177.   COLEY *v.* THE STATE.

A conviction of voluntary manslaughter was authorized by the evidence as to what the defendant said after the homicide and his statement at the trial, from which it appeared that he killed his wife by stabbing her several times on discovering her in a pine thicket about sunrise with a man who fled, and that when discovered they were "acting just like man and wife."

DECIDED MARCH 6, 1924.

Conviction of manslaughter; from Houston superior court— Judge Malcolm D. Jones. November 3, 1923.

*John R. Cooper, W. O. Cooper Jr., J. W. Bloodworth,* for plaintiff in error.

*Charles H. Garrett, solicitor-general,* contra.

BLOODWORTH, J.   The record in this case shows that one morning about sun-up the defendant found his wife and Robert Johnson

in a pine thicket, "acting just like man and wife," that Johnson escaped, and that the wife was stabbed several times by the defendant; that the defendant said, "Robert got away, I couldn't get him, but I got her," and "I put my knife to her." In his statement at the trial he said: "I found Robert Johnson and my wife down there just like man and wife; so by being kinder dark and I couldn't see, and I stepped right up on them for certain. I run into them, and the first one I got to I cut them. I thought that I was cutting Robert Johnson, until my wife hollered, and then I stopped." The wife died during the morning. In *August* v. *State,* 20 *Ga. App.* 168 (1) (92 S. E. 958), this court said: "According to the testimony for the State, touching statements made by the defendant immediately after the tragedy, he discovered his wife and her paramour engaged in the act of adultery, and immediately slew them both with an axe, without engaging in any parley or altercation, but acting inferably under the influence of irresistible passion, and without any admixture of deliberation or revenge. The statement of the accused to the jury was not in conflict with the evidence of the State. There was therefore ample testimony to authorize the verdict of voluntary manslaughter." The facts in the case under consideration are so very much like those in the case from which we have just quoted that the principles announced in that case are controlling in this one.

The court did not err in charging on voluntary manslaughter, and the verdict for this offense is supported by the evidence.

*Judgment affirmed. Broyles, C. J., and Luke, J., concur.*