### 22687. DUNAHOO *v.* THE STATE.

DECIDED JANUARY 25, 1933.

*Harold Hyatt, Joseph D. Quillian,* for plaintiff in error.
*Clifford Pratt, solicitor-general,* contra.

MACINTYRE, J. Jack Dunahoo was convicted under counts 1 and 4 of an indictment charging him with violating the automobile law of Georgia. Count 1 charges that Dunahoo, driving a Ford roadster automobile along a named highway in Barrow county, Georgia, "did overtake . . a two-horse wagon" going in the same direction as said automobile, "and did not, in attempting to pass said wagon, pass to the left of same, and did not blow his horn, the road being . . sufficient in width for said automobile to pass said wagon on the left side thereof, said wagon being then

and there on the right side of said road, allowing free passage on the left side thereof. . . " Count 4 charges that at said time and place Dunahoo drove said automobile at a rate of speed in excess of forty miles per hour.

The first four grounds of the amendment to the motion for a new trial, numbered 4, 5, 6, and 7, complain of the following instructions of the court:

"The law presumes all defendants innocent until their guilt is established by evidence, which the law says must be sufficient to satisfy you beyond a reasonable doubt."

"Of course you gather that from the testimony together with the statement of the defendant, which the law says he may make and that you may believe it in preference to the sworn evidence if you can without imputing perjury to any witness or a false statement to the defendant." In special ground 4 it is averred that the effect of the foregoing charge was to instruct the jury that "they would get the presumption of the defendant's innocence from the testimony together with the statement of the defendant, when as a matter of law the defendant is entitled to have the presumption of his innocence in his favor without making any statement and without any evidence being introduced."

In view of the fact that the first paragraph of the charge deals solely with the presumption of innocence, and the second paragraph begins, "Of course you will gather that from the testimony together with the statement of the defendant," it appears highly probable that the charge was misleading to the jury in the respect pointed out.

Special ground 5 complains that the second paragraph of the foregoing charge was erroneous in that by it the court "instructed the jury that they could only believe the defendant's statement in preference to the sworn testimony if the jury could do this without imputing perjury to any witness, when it is really the law of this State that the jury may believe the defendant's statement in preference to the sworn evidence in the case, and there is no limitation upon this rule that the jury can do this only when it can be done without imputing perjury to any witness."

The charge is so inaptly worded that we must confess that we can not determine with any degree of certainty what idea it does express—whether the jury could believe the defendant's statement

in preference to the sworn testimony in the case, and could do this without imputing perjury to any witness, or whether they could believe the defendant's statement in preference to the testimony if, or provided, they could do so without imputing perjury to any witness. In these circumstances it appears very probable that the jury may have been led to believe that the charge limited their right to believe the defendant's statement as averred in the ground. See *Gardner* v. *State,* 17 *Ga. App.* 410 (2) (87 S. E. 150).

Ground 6 is practically identical with the preceding ground and warrants no separate discussion.

Ground 7 avers that the second paragraph of said charge is erroneous "because it was entirely without meaning and really amounted to no charge upon the defendant's statement," and that since the defendant made a statement which, if believed by the jury, would have entitled him to an acquittal, the court should have instructed the jury upon the defendant's statement.

As indicated above, we are of the opinion that the court did charge upon the defendant's statement, but that the charge was confusing and very probably misleading. Therefore we doubt the force of the precise contention made in this ground.

In addition to what has been said, we shall quote briefly from certain decisions having reference to a court's charge upon the defendant's statement. "It has been repeatedly held by this court that it would be better, in charging on the defendant's statement, to follow the statute and there leave the matter." *Morgan* v. *State,* 119 *Ga.* 566 (46 S. E. 836). "It is the better practice for trial judges, in charging upon the defendant's statement, to confine themselves to the statute just as it reads. It can not be improved upon, so long as it remains of force." *Bates* v. *State,* 18 *Ga. App.* 718 (2), 724 (90 S. E. 481). "While it is true that a defendant in a criminal case electing to make a statement is not subject to cross-examination without his consent, yet as this provision of the statute is but a rule of trial procedure, it is the better practice to omit any reference to it in the general charge. Nevertheless, the statement of this rule of procedure in the general charge will not ordinarily be ground for a new trial." *Cargile* v. *State,* 137 *Ga.* 775 (2) (74 S. E. 621). The statute referred to is codified in section 1036 of the Penal Code (1910), which reads as follows: "In all criminal trials, the prisoner shall have the right

to make to the court and jury such statement in the case as he may deem proper in his defense. It shall not be under oath, and shall have such force only as the jury may think right to give it. They may believe it in preference to the sworn testimony in the case. The prisoner shall not be compelled to answer any questions on cross-examination, should he think proper to decline to answer." In *Harrison* v. *State,* 83 *Ga.* 129, 136 (9 S. E. 542), Chief Justice Bleckley, speaking for the court, said: "But why should the presiding judge be more specific than the statute itself, or go beyond its terms? There is no obscurity or ambiguity in the statute. The legislature has made the matter as clear as can the judiciary. Why should not the legislature be left to address the jury in its own language?" While departure from the statute is not necessarily error, it frequently does result in error, and we are of the opinion that it was error in this case.

Special ground 8 complains of this charge: "No one can be convicted for an accident unmixed with any neglect. If it was simply an accident, then the defendant would not be guilty, and you would acquit him." The gist of the alleged error is that the court used the words "any neglect" instead of the words "culpable neglect." Again error results from a departure from the rule plainly laid down by the legislature. This rule appears in the Penal Code (1910), § 40, in this language: "A person shall not be found guilty of any crime or misdemeanor committed by misfortune or accident, and where it satisfactorily appears there was no evil design, or intention, or culpable neglect." "Any neglect" is patently a broader expression than "culpable neglect." If the court, without request, undertakes to define or limit the word "neglect," he can do no better than follow the statute. By his statement, the defendant directly injected into the case the theory of "accident," and, the judge having charged on the same, the defendant was entitled to a proper charge upon that theory. We hold that the charge was error.

We shall briefly discuss the remaining grounds of the amendment to the motion for a new trial. They are numbered 9, 10, 11, 12, and 13, and the gist of each is that the court erred in allowing testimony to be introduced the substance of which was that at a time when one of the victims of the accident was confined to his bed as a result of the accident, the defendant came into his room

314

and said nothing to him. The objection in each instance was that the evidence was "irrelevant and immaterial," and harmful "for the reason that it tended to impress the jury that the defendant was heartless and cruel. . . ." We do not perceive that the evidence was pertinent to any issue in the case, and therefore we think that it was immaterial. However, we can not agree with counsel that it was prejudicial. Indeed, silence in a sick room is often better than conversation. Therefore, while these grounds do not disclose reversible error, such evidence should be omitted upon another trial of the case.

The judgment is reversed solely for error in the charge of the court upon the defendant's statement and upon "accident."

*Judgment reversed. Broyles, C. J., and Guerry, J., concur.*