## FLOYD *v.* THE STATE.

No. 11233.   JUNE 12, 1936.

*L. F. Watson* and *R. Earl Camp,* for plaintiff in error.

*M. J. Yeomans, attorney-general, J. A. Merritt, solicitor-general, B. D. Murphy,* and *George L. Goode,* contra.

ATKINSON, Justice. Walter Floyd, Columbus Williams, and Thomas Flurry were jointly indicted for the murder of Ottis Davidson by striking him with a certain blunt instrument to the jurors unknown, and an automobile, inflicting a wound causing death.   On separate trial Floyd was found guilty, the jury recommending that he be sentenced to serve in the penitentiary the rest of his life.   The defendant's motion for new trial, based on general and special grounds, was overruled, and he excepted.

An attorney at law who is solicitor-general in a judicial circuit in this State is not disqualified by the provisions of the Code of 1933, §§ 2-3902, 24-2908, 24-2913 (relating to duties of

solicitor-general and duty of presiding judge when the solicitor-general is absent or disqualified), or by any other law, to appear before the courts of a different judicial circuit at the request of the prosecution, on a trial for murder, and assist the solicitor-general of the latter circuit in the prosecution, notwithstanding the last-mentioned officer is not indisposed, or disqualified from interest or relationship, or absent from the circuit, and such assistant is not requisitioned by the presiding judge. The judge did not err in allowing the attorney to participate in the prosecution.

■ The defendant entered a plea of not guilty. He did not introduce evidence. In his statement before the jury, not under oath, he said that in driving his automobile at night with two companions "we run up on something in the road. We had one light and it was dim, and we ran right up on it, and none of us didn't know what it was, and we ran right on over it. Just as I ran over it . . I said, 'What was that?' and the other boy said, 'I don't know.' I stopped and I said, 'I am going to back back and see what it was.' I went to backing back, and Flury raised up and pulled out a match and said, 'I will see' about that time. I had got back in about four or five feet of him, and he jumped out and struck the match. I looked back, but I still couldn't see what it was. He came back and said it was Mr. Otis Davidson, and says, 'He is dead.'" This was not an admission that Mr. Davidson was alive when the automobile passed over him, or that the automobile killed him. Under the plea of not guilty, the fact of homicide committed by the defendant was put in issue, the burden of proof being upon the State. Consequently it was erroneous to charge the jury: "It is insisted by the defendant in this case that the killing was the result of misfortune or accident," and to follow this charge with a statement of the law on that subject. Such an instruction would tend to lead the jury to believe that the defendant admitted the homicide and sought to excuse or justify it. It was confusing and prejudicial to the defendant on one of the most material issues in the case.

■ Special ground 3 of the motion for new trial was merely elaborative of the general grounds. The fourth ground complains of the charge to the jury in its entirety, and generally on omissions to charge the law on the defendant's contentions, and

is too indefinite to present any question for decision. As there will be a reversal on the ground indicated in the second division, and the question of disqualification of jurors will probably not arise on another trial, no ruling will be made on these grounds, or on the sufficiency of the evidence to support the verdict.

*Judgment reversed. All the Justices concur.*