## 26552. STEPHENS *v.* THE STATE.

DECIDED FEBRUARY 25, 1938.

*Henry L. Barnett,* for plaintiff in error.

*J. Ralph Rosser, solicitor-general,* contra.

GUERRY, J.  The defendant was convicted of the offense of involuntary manslaughter.  The indictment charged that he did on a named date operate his automobile on a public highway in this State in a wanton and careless manner and total disregard of human life, while under the influence of intoxicating liquors, at a speed greater than forty miles per hour, and without keeping a proper lookout, by reason of which conduct he ran into the rear of a certain automobile traveling along said highway, causing the death of one Polly Hagen.  The evidence for the State sustained the allegations of the indictment.  The defendant in his statement said that at the time of the wreck it was raining and foggy and "I had my lights on dim, and was running thirty to forty miles per hour," and "just as I topped the grade they were right on me and if they had had a tail light the wreck would not have occurred."  He further denied that he was intoxicated.  The trial judge charged the jury that the elements of the offense of involuntary manslaughter in the commission of an unlawful act are "first, the intentional commission of the unlawful act, and second, the killing of a human being as the proximate result of such act, but without any intent to kill."

The trial judge declined to give in charge the following request: "A person shall not be found guilty of any crime or misdemeanor committed by misfortune or accident, and where it satisfactorily appears there was no evil design or intention, or culpable neglect; if the defendant in this case did not intentionally drive and run the automobile which he is charged with driving against said automobile in which said Polly Hagen was riding, and at the time the collision occurred defendant was not driving said car in such a wanton or reckless manner or at so high a rate of speed as to render said machine or automobile obviously dangerous to others traveling the highway, whereby the collision occurred, and such collision was not caused by any evil design, intention, or culpable neglect on the part of said defendant, or if said defendant was not operating said automobile at the time of the collision while under the influence of liquor and drugs, or operating said automobile at

a speed greater than forty miles per hour, at the time of the collision, then such collision would be attributable to misfortune or accident, and the defendant would not be guilty of any offense." The request does not state a correct principle of law as applicable to the present case. It in effect charges that in order for the defendant to be guilty of the crime charged, that the collision must have been the result of an evil design or intention. If the indictment were for murder such a charge would have been applicable. If there was an evil design or intention the offense would not be involuntary manslaughter. The issue in this case was whether the defendant was under the influence of intoxicating liquors and was operating the car at a rate of speed in excess of forty miles per hour at the time of the collision which resulted in the death of Polly Hagen. If he was under the influence of intoxicants at the time, and such condition was the result of accident, and not intentional, but was the result of the accidental or unintended drinking of intoxicating liquor, the law of accident or misfortune as applied to the facts of this case might have been applicable. The same thing may be said as to the operation of the car at a speed greater than forty miles per hour. In cases of this character it is not the intention as to the consequences of the act, being accidental, but it is whether driving the car while under the influence of intoxicants or at a speed greater than forty miles per hour, was accidental. There can be no involuntary manslaughter if the act, the natural consequence of which was death, was intended. Such a case would be murder. Here the court in his charge had expressly told the jury that unless the person killed was killed as a result of the alleged unlawful acts, the defendant should be acquitted. The effect of the charge requested, taken in its most favorable light, is to say that if he, the defendant, was not guilty of committing any of the unlawful acts charged, "then such collision would be attributable to misfortune or accident and the defendant would not be guilty of any offense." The court had expressly charged, that under such circumstances defendant must be acquitted. Where a request to charge is fully and accurately covered in the charge as given, the refusal of the request is not error. *Perdue* v. *State*, 126 *Ga.* 112 (54 S. E. 820). The court fully instructed the jury that unless the alleged unlawful acts had been committed by the defendant, and these acts resulted in the death of the person killed,

the defendant must be acquitted. The remaining assignments of error are without merit. The court did not err in overruling the motion for new trial.

*Judgment affirmed. Broyles, C. J., concurs. MacIntyre, J., dissents.*

MacIntyre, J., dissenting. I am unable to agree with my colleagues in their judgment in the present case. There is no question that there was sufficient evidence to support the finding of the jury, but since, in my opinion, the requested charge as set out in the majority opinion was a correct application of the principle of misfortune or accident as contained in Code, § 26-404, as applied to the defendant's statement, and should have been given in charge to the jury, the failure to do so requires the grant of a new trial. The first four lines of the requested charge is a verbatim statement of the Code, § 26-404. Then, in explaining the application of this section, the defendant in effect requested the judge to charge the jury that if he did not intentionally drive his car against the car in which the deceased was riding, and was not driving his car in a reckless and wanton manner, or was not operating his car at a greater rate of speed than forty miles per hour, or was not intoxicated, or was not driving his car at so high a rate of speed as to render the said automobile obviously dangerous to others traveling on the highway, whereby the collision occurred, and was not caused by any evil design, intention, or culpable neglect (in the words of § 26-404) on his part, then such collision would be attributable to misfortune or accident and he should be acquitted. Thus viewed, the homicide was the result of misfortune and accident. The charge is not, under any rational construction, one instructing the jury that in order to find the defendant guilty of the offense charged they must find that the collision was the result of an evil design and intent as ruled by the majority opinion. I have read and reread this charge many times and I believe that this is plain. It is of course to be admitted that in the offense of involuntary manslaughter there exists no intent to kill. This request was not dealing with the elements of the offense that must be proved by the State in order to secure a conviction, but was a request instructing the jury to acquit the defendant if they found the occurrence was the result of accident or misfortune, that is, if they found that he did not commit any of the unlawful acts charged

in the indictment and that the collision was not the result of evil design and intent, or culpable neglect.

The effect of the majority opinion is that the principle of accident or misfortune as embodied in the Code, § 26-404, can never be applicable in a charge of involuntary manslaughter even though the defendant's statement clearly raises the defense that the homicide was the result of accident or misfortune. In doing so I am confident that the majority are committing a grave error. The principle of the Code, § 26-404, may be pertinent in a charge of involuntary manslaughter when duly requested, where the defendant's statement is to the effect either (1) that the commission of unlawful acts was the result of misfortune or accident, or (2) that he committed none of the unlawful acts charged in the indictment and the homicide was not the result of evil design or intent, or culpable neglect, or (3) that though he committed the unlawful acts charged they were not the proximate cause of the injury. See *Atlantic Coast Line R. Co.* v. *Daniels,* 8 *Ga. App.* 775 (70 S. E. 203). The defendant's statement falls within the second category and therefore I think the charge should have been submitted to the jury. See *Metropolitan St. R. Co.* v. *Johnson,* 90 *Ga.* 500 (16 S. E. 49). The requested instruction recited verbatim the Code, § 26-404, which is as follows: "A person shall not be found guilty of any crime or misdemeanor committed by misfortune or accident, and where it satisfactorily appears there was no evil design, or intention, or culpable neglect." In explaining this section the requested charge in effect points out that an act resulting from a design or intention, or culpable neglect is the opposite of an accident. This explanation is correct. Thus, in effect, the request said that if the defendant was not guilty of any of the unlawful acts charged in the indictment and that the collision was unmixed with any design or intent, or culpable neglect on his part, the killing was accidental and he (the defendant) should be acquitted. *Moseley* v. *Patterson,* 27 *Ga. App.* 133, 136 (107 S. E. 623); *Allen* v. *State,* 134 *Ga.* 380 (67 S. E. 1038).