## 29608. WEAVER *v.* THE STATE.

DECIDED JUNE 17, 1942. ADHERED TO ON REHEARING, JULY 30, 1942.

*A. W. Vandiviere, Wood & Spence*, for plaintiff in error.

*G. Fred Kelley*, solicitor-general, *J. E. Frankum*, contra.

GARDNER, J. ■ With reference to the general grounds, the evidence was sufficient to sustain the verdict.

■ The special grounds are directed to the court's charge with reference to misfortune and accident contained in Code § 26-404: "A person shall not be found guilty of any crime or misdemeanor

committed by misfortune or accident, and where it satisfactorily appears there was no evil design, or intention, or culpable neglect." The assignments of error are as follows: (1) The court erred in giving the following charge "Now, if the jury believe beyond a reasonable doubt that· the defendant in the manner in which he was operating the automobile and that there was no evil design or intention and no culpable neglect on the part of the defendant, but that this collision or this wreck as charged in the indictment was an accident unmixed with any evil design or any culpable neglect on the part of the defendant, you would not be authorized to convict him of any offense, and in that event the form of your verdict would be: 'We, the jury, find the defendant not guilty'." (2) The court erred in giving the following charge: "Now, gentlemen, you take this case. I charge you now if you find that the death of the party named in this indictment resulted from misfortune or from accident and that this defendant was free of neglect, why then, gentlemen, you couldn't convict him of any offense, the offense would not be unlawful, and it would be your duty to give him the benefit of that doubt and acquit him." (3) The court erred in the following charge: "In other words, gentlemen, if the jury believe from the evidence beyond a reasonable doubt the defendant killed the deceased in the manner alleged in the indictment, in order to avail the defendant of the defense of accident under this indictment it must appear to your satisfaction that there was no evil design—no evil intention—and no culpable neglect on his part. Neglect, gentlemen, is the absence of proper care or neglect in the absence of doing anything in proper way or a reasonable way." (4) That the court erred in giving the following charge: "On the other hand, gentlemen, if you find that this was an accident, as I have defined an accident to be, where the defendant was not negligent, why then, gentlemen of the jury, you could not convict the defendant of any offense."

Taking the excerpts of the charge together, the vice alleged is twofold: First, in effect, the court instructed the jury that they must believe it was an accident beyond a reasonable doubt before they could be authorized to convict the defendant. If accident and misfortune was an issue under the record, this assignment is meritorious and would demand a reversal under the principle laid down in *Dorsey* v. *State,* 110 *Ga.* 331, 332 (35 S. E. 651); *Mc-*

*Donald* v. *State,* 12 *Ga. App.* 526 (77 S. E. 655) ; *Lowry* v. *State,* 6 *Ga. App.* 541 (65 S. E. 353) ; *Nixon* v. *State,* 14 *Ga. App.* 261, 263 (80 S. E. 515). Under the principle announced in those decisions this charge places on the defendant a burden which the law does not require. If the jury, under the whole evidence and the defendant's statement, had a reasonable doubt as to whether the collision was an accident they should give the defendant the benefit of the doubt and acquit him. Second, that in the excerpts of the charge of which complaint is made the court failed to instruct the jury that culpable negligence or criminal negligence is different in degree from ordinary negligence, and, moreover, that the court instructed the jury that before they would be authorized to acquit the defendant it would be necessary for them to believe that the defendant was free from any degree of negligence. If accident was an issue in the case, which we will discuss hereinafter, the charge was manifestly error under the principle announced by this court in *Dunahoo* v. *State,* 46 *Ga. App.* 310, 313 (167 S. E. 614).

This brings us to the point of determining whether these portions of the charge, though erroneous, were prejudicial and harmful to the defendant to such a degree as to demand a reversal. If the record was sufficient to sustain the contention that the collision was an accident, or if the record raised a reasonable doubt as to whether it was an accident, the court should have charged the law pertaining to misfortune and accident. If the evidence and the defendant's statement, beyond peradventure, revealed that there was no viewpoint from which the collision could be considered an accident, then this court must look to see whether the erroneous charge was confusing to the jury and prejudicial to the defendant, resulting in harm, and requiring a reversal. It will be noted in the *Dunahoo* case, supra, that this court stated: "By his statement, the defendant directly injected into the case the theory of 'accident.'" We have examined the original record of the *Dunahoo* case as filed in the clerk's office and find that accident was directly involved in that case. Along with that record and the record in the instant case we have carefully searched with a view of ascertaining whether the theory of accident was sustained by either the evidence or the defendant's statement. We have confidently reached the conclusion that the theory of accident was not

involved from any viewpoint in the instant case. The evidence did not raise such a theory, and the statement of the defendant excluded and negated it. The court charged the law correctly and fully with reference to voluntary manslaughter both in the commission of an unlawful act and a lawful act without due caution and circumspection. The evidence was sufficient to sustain a verdict of either grade of involuntary manslaughter, but the theory of accident was not involved under this record, and we fail to see how the jury could have been confused or prejudiced to the harm of the defendant because of the erroneous charge and the inapplicable charge on the law involving accident when it was not an issue in the case.

The appellate courts have so held on a number of occasions. See *Rentz* v. *Collins*, 51 *Ga. App.* 782 (2) (181 S. E. 678), and cit. In *Ward* v. *State*, 184 *Ga.* 566 (2) (191 S. E. 916), the court held: "The evidence in behalf of the State tended to show that the accused murdered the deceased, his stepdaughter, by stomping her with his feet. The only defense set up by the accused was that he did not stomp her; that his wife told him she was run into by an automobile. In such circumstances the instruction on the law of self-defense, by reading to the jury Code, § 26-1011, if not applicable to any theory of the case, was not harmful to the accused, and therefore was not cause for a new trial. See *Green* v. *State*, 153 *Ga.* 215 (4) (111 S. E. 916); *Tate* v. *State*, 46 *Ga.* 148; *Cato* v. *State*, 72 *Ga.* 747 (3). Compare *Garland* v. *State*, 124 *Ga.* 832 (2), 834 (53 S. E. 314); *Floyd* v. *State*, 182 *Ga.* 549 (2) (186 S. E. 556)." In *Geer* v. *State*, 184 *Ga.* 805 (193 S. E. 776), the court held: "In such circumstances the instruction to the jury on the law of justifiable homicide, if not applicable to any theory of the case, was not harmful to the defendant, and therefore was not cause for a new trial." In *Green* v. *State*, 153 *Ga.* 215 (supra), it was held: "The evidence on behalf of the State tended to show that the accused murdered the deceased while in his room at night, by striking him on the head with an ax. The only defense set up by the accused was alibi. In such circumstances the instruction to the jury as to the law of self-defense and reasonable fears, if not applicable to any theory of the case, was not harmful to the accused, and was not therefore cause for a new trial." Again, in *Lazenby* v. *Citizens Bank*, 20 *Ga. App.* 53 (92 S. E. 391), this

court held: "The charge of the court having, as a whole, properly submitted to the jury the controlling issues involved, under correct principles of law, the inaccuracy and immateriality which might exist in the portions excepted to can not work a reversal, where it appears that the jury could not reasonably have been misled thereby." See also *Commercial Bank of Jasper* v. *Dasher.*, 24 *Ga. App.* 736 (102 S. E. 177) ; *Long* v. *Gilbert*, 133 *Ga.* 691 (5) (66 S. E. 894), the latter reading as follows: "An irrelevant charge will not cause a new trial, where it does not prejudice any right of the parties and is not likely to mislead the jury from the true issues of the case."

We find no error to warrant a reversal.

*Judgment affirmed. Broyles, C. J., and MacIntyre, J., concur.*

### ON REHEARING.

In the original opinion we did not quote the defendant's statement in its entirety, but quoted only the first portion which we deemed applicable to shed light on the collision in question. The portion omitted is as follows: "Mr. Martin was talking about me throwing the coat in his face. He did ask me to go get the water and I looked around for a bucket or something and I did not see nothing but a jumper coat, and I grabbed it and dipped it in the water and I came back up there and held it over his face and there was right smart little water running out of it, so he told me that was enough water and to quit it, and by that time my eye and face was full of blood until I walked and sit down on the bridge and was wiping the blood out of my face, and if he asked me to help move him I don't remember it. So I went on home and I decided I would come back over there and see about the car. I knowed if it set out all night there, there has been tires stolen. I come back over there. As far as him telling me not to take off the tires, he didn't. I couldn't hope the wreck to save my life and I wouldn't have done it for the world if I could have hoped it." This addition to that portion set out in the original opinion makes the entire statement of the defendant. It will be noted that all of the additional statement except the last sentence has to do with the defendant's conduct after the collision. The last sentence is as follows: "I couldn't hope [have helped] the wreck to save my life and I wouldn't have done it for the world if I could have hoped [helped] it." After further careful consideration we fail to see that the

last sentence shed any light at all on the cause of the collision. It is merely a conclusion and an expression of regret. In view of his whole statement such conclusion does not sustain the theory of accident. The State alleged and proved that the collision was proximately caused by the defendant violating valid traffic statutes. The defendant contended that he did not violate the traffic statutes and that the deceased was the author of his own death by violating a traffic statute.

Code § 68-303 (d) reads: "An operator of a vehicle overtaking another vehicle going in the same direction, and desiring to pass the same, shall pass to the left of the vehicle overtaken: Provided, that the way ahead is clear of approaching traffic, but if the way is not clear he shall not pass unless the width of the roadway is sufficient to allow his vehicle to pass to the right of the center thereof in the direction in which his vehicle is moving: Provided further, that no operator shall pass a vehicle from the rear at the top of a hill or on a curve where the view ahead is any way obscured or while the vehicle is crossing an intersecting highway. An operator overtaking and desiring to pass a vehicle shall blow his horn, and the operator of the vehicle so overtaken shall promptly, upon such signal, turn his vehicle as far as reasonably possible to the right in order to allow free passage on the left of his vehicle." That section requires that the operator of a vehicle overtaken shall promptly, upon signal, "turn his vehicle as far as reasonably possible to the right in order to allow free passage on the left of his vehicle." The defendant in his statement contended that he gave the signal, that he slowed down, that he was on his side of the road, the left side, in the direction in which he was going, and that the deceased violated the law in passing across the center of the road in front of the defendant's vehicle. If the defendant's statement was true, his violation of the statute, even though established by the State, was not the proximate cause of the collision, but it was the unlawful use of the road by the deceased. The court charged the law fully and clearly in this particular. If the defendant's conduct in violating the statute was the proximate cause of the collision, the jury was right in returning the verdict. If the deceased's conduct in violating the statute, as contended by the defendant, was the proximate cause of the collision, the defendant should have been acquitted. He should have been acquitted,

not on the theory of accident and misfortune, as that principle is contemplated by the law, but on the theory that the violation of the law by the deceased himself was the proximate cause of the collision. The evidence introduced by the defendant bore out the contention of his statement that at the time of the collision the defendant was not violating the traffic laws, but that the deceased was.

*Stephens* v. *State, 57 Ga. App.* 390 (195 S. E. 477) is practically on all fours with the case at bar. In that case the defendant was convicted of involuntary manslaughter, as in the case at bar, for violating the traffic laws. We quote from page 391: "The defendant in his statement said that at the time of the wreck it was raining and foggy and 'I had my lights on dim, and was running thirty to forty miles per hour,' and 'just as I topped the grade they were right on me and if they had had a tail light the wreck would not have occurred.'" The defendant denied that he was intoxicated. In that case the judge had refused to give a written request touching the principle of law applicable to misfortune or accident. Judge Guerry, speaking for the majority of the court, said: "The issue in this case was whether the defendant was under the influence of intoxicating liquors and was operating the car at a rate of speed in excess of forty miles per hour at the time of the collision which resulted in the death of Polly Hagen. If he was under the influence of intoxicants at the time, and such condition was the result of accident, and not intentional, but was the result of the accidental or unintended drinking of intoxicating liquor, the law of accident or misfortune as applied to the facts of this case might have been applicable. The same thing may be said as to the operation of the car at a speed greater than forty miles per hour. In cases of this character it is not the intention as to the consequences of the act, being accidental, but it is whether driving the car while under the influence of intoxicants or at a speed greater than forty miles per hour, was accidental. . . The court fully instructed the jury that unless the alleged unlawful acts had been committed by the defendant, and these acts resulted in the death of the person killed, the defendant must be acquitted." It is earnestly argued that in the *Stephens* case, since the court used this expression: "If the indictment were for murder such a charge [meaning the requested charge as to accident or misfortune, which was refused] would

have been applicable," and since the defendant in the case at bar was tried on an indictment charging murder, accident or misfortune was involved. In the instant case this argument is without legal force, for it must be kept in mind that while the defendant was tried on an indictment charging murder he was convicted of the lesser offense of involuntary manslaughter in the commission of an unlawful act, and we are not concerned with whether or not some error in the trial as to the greater offense occurred. This is well established. We are concerned here only with whether or not there was any reversible error committed. As the record applies to a lesser offense embraced within the indictment error as to the higher offense would be harmless. *Haney* v. *State,* 64 *Ga. App.* 396 (13 S. E. 2d, 384). It is the same as if he had been indicted for such lesser offense. Compare *Loeb* v. *State,* 75 *Ga.* 258, and *August* v. *State,* 20 *Ga. App.* 168 (3) (92 S. E. 956). Counsel cites *Patterson* v. *State,* 181 *Ga.* 698 (184 S. E. 309). We do not think the holding in the instant case conflicts with the principle laid down in the *Patterson* case. The court distinctly held, page 705: "However, if the resulting act or acts result in injury or damage, no legal responsibility attached unless the original act was wrongful or negligent. In the absence of this *wrongful or negligent* element in the original act, the resulting injury or damage is considered accidental." (Italics ours.) The wrongful and negligent element in the original act of the case before us was the violation of a valid statute. Counsel cites also *Tift* v. *State,* 17 *Ga. App.* 663 (88 S. E. 41), and quotes the first sentence of headnote 6 in support of defendant's contention. The whole headnote reads: "When there is a lack of either actual or legally imputable intention to do a certain act, there may be an absence of criminal responsibility, and the act be attributable to misfortune or accident. *Carbo* v. *State,* 4 *Ga. App.* 583 (2, 3) (62 S. E. 140) ; *Wolfe* v. *State,* 121 *Ga.* 587 (49 S. E. 688). But criminal negligence may sometime be a sufficient substitute for deliberate intention in the commission of crime. *Dennard* v. *State,* [14 *Ga. App.* 485, 81 S. E. 378]. Since it would be for a jury to say whether the act of one who knew he was subject to occasional sudden attacks of vertigo or like malady, which rendered him wholly unable to steer an automobile or to control its movements, in undertaking to drive such an automobile at a high rate of speed along a public high-

way, was such a disregard of probable consequences as amounted, under the circumstances in proof, to criminal negligence as to one who was injured by the defendant's inability to steer his machine, it was not error for the court to charge, in connection with other instructions given the jury, 'If, however, you find, beyond a reasonable doubt, that at the time of said collision and injuries the defendant was subject to frequent attacks of vertigo or similar afflictions which, when they came on, necessarily rendered him powerless to control a moving automobile that he might at the time be driving, and that, with full knowledge that he was subject to such attacks and of the effect of such attacks, defendant was intentionally running said automobile at a rate of speed so high as to obviously make said machine dangerous to others traveling in vehicles upon said highway, and while thus running said car defendant suffered a customary attack of such malady, which rendered him powerless to control said car, whereby said collision occurred, resulting in such injuries, the collision would not be attributable to misfortune or accident, but defendant would be guilty of the offense of an assault and battery.' " A careful reading of the principle announced in the above headnote, as we interpret it, confirms our conclusions in the original opinion. The "legally imputed intention to do a certain act," so far as the instant case is concerned, was the violation of the traffic statutes, as alleged in the indictment.

We are also cited to *Travelers Ins. Co.* v. *Wyness,* 107 *Ga.* 584 (34 S. E. 113). In that case the court was dealing with the word "accident" within the legal meaning of a clause in an insurance policy. There is no conflict in what is here ruled with the ruling in the *Wyness* case. Our attention is also called to *Carbo* v. *State,* 4 *Ga. App.* 583 (62 S. E. 140). "There can be no conviction of the offense of involuntary manslaughter, either in the commission of an unlawful act, or in the commission of a lawful act without due caution and circumspection, where the homicide is directly due to an independent intervening cause in which the accused did not participate and which he could not foresee." The facts in the *Carbo* case differentiate it from the case at bar. In the former, the court was dealing with an independent intervening cause in which the accused did not participate and which he could not foresee. Here we are dealing, so far as the record goes, with

whether the collision was proximately caused by a violation of a traffic statute by the accused or by the deceased, and nothing more. To sustain the contention that accident was involved in the case before us, counsel invokes the opinions in the following cases: *Atlantic Coast Line Railroad Co.* v. *Daniels,* 8 *Ga. App.* 775 (70 S. E. 203); *Darby* v. *State,* 9 *Ga. App.* 700 (72 S. E. 182); *Willingham* v. *State,* 169 *Ga.* 142 (149 S. E. 887). We have carefully read these decisions and find no principles laid down in any of them in conflict with the ruling herein made. A careful comparison will so reveal.

*Judgment adhered to.* *Broyles, C. J., and MacIntyre, J., concur.*