DECIDED JUNE 16, 1933.

## 22987. PAYNE v. THE STATE.

DECIDED JUNE 16, 1933.

*H. O. Hubert Jr., W. E. Cobb, H. J. Fullbright Jr.,* for plaintiff in error.

*Claude C. Smith, solicitor-general,* contra.

MacIntyre, J. Having been convicted of bigamy, J. L. Payne filed his motion for a new trial, containing the general grounds, and a single special ground complaining of the following charge of the court: "However, the defendant says that he had obtained a divorce from his first wife when he contracted the second marriage. If you believe that, and believe it beyond a reasonable doubt, then you would be authorized to acquit the defendant." The assignment of error is that "said charge improperly deprives the defendant of his presumption of innocence, and leads the jury to believe that the burden is on him to prove his innocence," and that "said charge cast upon the defendant a burden not authorized by law."

The State introduced evidence tending to make out its case, under the following rule laid down in *Robinson* v. *State,* 6 *Ga. App.* 696 (65 S. E. 792): "In a prosecution for bigamy the State makes out a prima facie case by proving the first marriage, and that, while the first spouse was living, the defendant contracted a second marriage, knowing that the first marriage had not been dissolved by death or divorce; and the knowledge need not be shown by direct evidence, but may be inferred from circumstances." The charge complained of immediately followed instructions substantially embodying the rule laid down in the *Robinson* case. "On the trial of one charged with murder, where the defense relied upon was justifiable homicide in self-defense, it was erroneous to instruct the jury to the effect that the burden was upon the accused to establish this defense, to the satisfaction of the jury and beyond a reasonable doubt. This placed the burden on the accused, while the law placed it on the State." *McDonald* v. *State,* 12 *Ga. App.* 526 (77 S. E. 655). "It is error to charge, in effect, that the defendant must make out his defense beyond a reasonable doubt." *Nixon* v. *State,* 14 *Ga. App.* 261 (2) (80 S. E. 513). "In a criminal case a fact relied upon as a defense, which, if true, would constitute a good defense, is sufficiently proved to entitle the defendant to an acquittal, if the evidence raises a reasonable doubt as to

138

the existence of such fact." *Lowry* v. *State,* 6 *Ga. App.* 541 (65 S. E. 353). We hold that the charge given was erroneous and harmful to the defendant, and because of it a new trial is granted.

*Judgment reversed. Broyles, C. J., and Guerry, J., concur.*