LEWIS v. THE STATE.

90    95
91   169

90    95
93   556

90    95
110   333

90    95
117   722

90    9[
124   76[

1. When counsel on cross-examination propounds a trivial question which can elicit nothing of any possible consequence touching the case, it is not error for the court to remark, "I do not think that is a proper examination."
2. There was no error in the charge of the court touching the legal presumption which arises and the shifting of the burden of proof when the State shows by evidence that the homicide was committed by the accused, nor touching the nature and constituents of malice, nor in classifying the case on trial as one of murder or misadventure exclusive of any grade of manslaughter, nor touching the prisoner's statement and reconcilement of conflicts in the evidence, nor touching reasonable doubt, nor touching the form of the verdict, nor touching any other of the matters complained of. Nor was there any error in omitting to charge on the subject of manslaughter, all the facts of the case, including the prisoner's statement, being wholly inconsistent with manslaughter, voluntary or involuntary.
3. The indictment charging that the accused murdered "Mirandy" Lewis, and the evidence showing that the person killed was "Melinda" Lewis, and there being no proof that the deceased was ever known as "Mirandy" Lewis, or called by that name, there was a fatal variance between the indictment and the evidence. The conviction for murder, therefore, was contrary to law and evidence.          *Judgment reversed.*

August 1, 1892.

Criminal law.  Murder.  Charge of court.  Evidence. Before Judge MILLER.  Bibb superior court.  November term, 1891.

Lewis was charged with the murder of his wife, and was found guilty.  His motion for new trial was over-

ruled, and he excepted. Besides the general grounds, the motion alleges the following :

When the defendant's counsel was questioning Mrs. Dillon, one of the witnesses for the State, in regard to her home, and endeavoring to show the character of the testimony before the jury, and asked her if she were at home wherever her hat was, and she replied, " No sir, I do not think that is the case at all," the court remarked, " I do not think that is a proper examination." Defendant contends that this remark had a bad effect, and went to prejudice the jury against him, that the answer of the witness as to her home had been of a character such as to suggest the question asked by his counsel, and the implied rebuke of the judge necessarily went to the prejudice of defendant.

Errors in charging :   " A rule of law applicable to this case is this : that where the State shows by evidence that the defendant has committed an unauthorized homicide, and stops there, the evidence showing no more than that, then the legal presumption arises that the homicide was murder, and that the burden is then shifted to the defendant to show that either it was jus-tifiable, or accidental, as claimed in this case, or that it was some of the lower grades of homicide.   You will see that the proposition stated differently is this : that if the evidence on the part of the State simply shows the homicide, and that evidence itself does not show that it was justifiable or of a lower grade than murder, then the State can stop without proving more ; and the law presumes that the killing was murder, that it was done with malice, and denominates it murder.   The defendant must remove that presumption by showing to the jury that the killing was either justifiable, accidental, or that it falls within some of the lower grades of homicide than murder.

" In trying this case you pass upon the law and facts

both; that is to say, you take the evidence and defendant's statement and determine from that what is proven in the case, what facts are established. The principles of law that control the case you take from the court; you are responsible, it is your duty and yours alone, to find what is the truth from the evidence. I am responsible for instructing you properly as to the principles of law controlling the case. You take the facts as you find them established by the proof, applying the law to the evidence, and determine what is the proper verdict under both the law and the evidence in the case. The verdict ought always to speak the truth, not only of evidence, but the law; it is compounded of the two, and it ought to be the truth under the law and the evidence.

"Malice in law, the jury will see, is not what the term popularly implies; it does not necessarily mean there should be personal hatred or personal ill-will, or anything of the sort, between the defendant and person killed; it means in law the deliberate intention to take human life under the circumstances which the law neither justifies nor excuses. If that intention is established by the proof, then the legal malice would be established, and you would be authorized to find that it existed, if the evidence showed that unlawful intention to take human life.

"All these questions, that are raised in so many cases of homicide tried by a jury, of voluntary manslaughter, involuntary manslaughter, and justifiable homicide, all these are out of this case, and you have not to consider them at all, nor will I instruct you as to the law in reference to those classes or grades of homicide. The simple issue submitted to the jury on this trial is this: does the evidence make against this man a case of murder; or is it, on the other hand, a case of misadventure or accident?" Defendant insists that this latter charge

v 90-7

was error, because the law of involuntary manslaughter should have been given in charge, the evidence disclosing the fact that the defendant was in the commission of an unlawful act in carrying a concealed weapon, and in taking it from his person it was discharged and killed his wife; and if this issue had been submitted to the jury the verdict would doubtless have been for that offence, in view of the fact of a former mistrial of this case; and the restriction of the jury to issues as involved in this charge was error.

Error in charging: "You ought to examine all the proof as to their relations previous and up to the time of the homicide, especially what passed between them at the time, their location in the room, their respective situations, where he was standing, where his wife was, where these witnesses were, what passed between them all; examine carefully and patiently each fact attending the actual homicide; also all the other facts, all the other testimony in the case, seeking to discover the truth from it, what this man's condition was at the time, what his mental condition was, what his motive was, what actuated him, whether it was accidental and, as he claims, without any intention to kill his wife, or whether he in fact, as contended by the State, deliberately aimed the pistol at her and intentionally shot her; those are matters that you must determine from the evidence; this is a case distinctly for the jury to decide from the evidence submitted to you. If you believe from the evidence in the case that the transaction occurred in this way, that this man on trial and his wife were in the room together, and that he said to her that he had won a dollar on Sunday morning, and he hoped he wouldn't have another dollar, if he did it wouldn't do her any good, and that she thereupon replied, 'If yours don't there is others that will,' and that he thereupon said, 'If you repeat those words I will kill you,' and then, without more, shot her

and killed her, you would be authorized to find him guilty of murder. If you believe that is the truth of the transaction, and that it occurred in that way, no mere words will justify the homicide; it wouldn't matter what he said or what she replied, how much it might have irritated him; if it was mere words, if they were engaged in a quarrel or difference, however slight or however great, and it went not beyond words, if there was no act done by her, no provocation given beyond words, and he shot her and killed her for the reason that he was irritated by what she said, that would authorize you to find him guilty of murder as charged in the indictment. Look to the proof, as I have said, and see if that is true. If the recital of facts that I have just submitted to you are the true facts of the case, if the homicide occurred in that way, the jury would be authorized to convict him of murder." Defendant insists that the charge contained in this paragraph is error, because it was liable to impress the jury with this statement as being the truth of the evidence, and lends an air of argument to the charge of the judge, that is liable to prejudice the jury against the defendant.

Error in charging: "The defendant in this case avails himself of this statute: In all criminal trials in this State the prisoner shall have the right to make to the court and jury such statement in the case as he or she may deem proper in his or her defence, such statement not to be under oath, and to have such force only as the jury may think right to give it; and the jury may believe such statement in preference to the sworn testimony in the case; provided, the prisoner shall not be compelled to answer any question or cross-question should he or she think proper to decline to answer such questions.

"If you find in examining this case there is a conflict between these witnesses, you ought to reconcile it if you

can, harmonizing it all so that it will make each witness speak the truth. If you cannot do that, then you must determine where the credit shall be given, looking to the manner of the witness upon the stand, the connection the witness has with the case, whether for the prosecution or defence, and whether they exhibit any leaning one way or the other; whether the testimony of the witness is consistent throughout, or conflicts with itself or other facts that you think the evidence otherwise establishes. All those things you ought to consider in determining which witness you shall select as worthy of belief, and which reject." Defendant insists that this charge is error, because it does not give the jury any instruction as to the effect of the prisoner's statement; confining the jury to reconcile the testimony of witnesses, and not taking into consideration the prisoner's statement, in making up the balance sheet as to the weight of the evidence of any particular witness.

Error in charging: "You ought to be satisfied of this man's guilt beyond a reasonable doubt before you convict him; that does not mean anything more than this: that as reasonable men seeking after the truth, you ought to be satisfied beyond a doubt which as reasonable men you would entertain in matters of the highest moment to yourselves. It does not mean the doubt of a man of eccentric mind, or a crank, or a man with an oversensitive conscience; it means the doubt of ordinary men, sworn jurors who try cases. It means also that the doubt should arise out of the case, not outside of it; not some outside suggestion or reflection of a juror, that a juror might create in his mind; but it means a doubt that ought to arise from an examination of the case itself, seeking to determine the truth, either from the evidence, statement of the defendant, the conflict in the evidence, or some deficiency or lack of testimony. If such a doubt exists in the case and consequently arises in your

mind, you are to give the defendant the benefit of it and acquit him ; that is, if you are not satisfied of his guilt beyond a reasonable doubt. If on the other hand you are so satisfied, and have no reasonable doubt but that he is guilty as charged, then you ought to convict him." Defendant insists that this was error, because it would lead the jury to believe that a reasonable doubt was but a small thing.

Error in charging : " The form of your verdict in the case, if you find the defendant guilty, and think under the evidence it is not a case for commuting the death penalty, then you say, ' We, the jury, find the defendant guilty.' If, on the other hand, you think he is guilty and see proper to commute the punishment from the death penalty to life imprisonment, then you add these words, ' and recommend that he be imprisoned in the penitentiary for life.' Now, that recommendation which reduces the punishment from death to life imprisonment is a matter solely within your gift ; if you find the defendant guilty, it is for you to determine in your own discretion ; that is a matter for you. There is no rule of law or advice that I am authorized to give you, and nothing that I should say to you upon that, except to say that it is a matter absolutely within your control, to do or not to do as you see fit."

Error in not charging the jury on involuntary manslaughter. In a note to this ground the court states that no request for such charge was made, nor, in the opinion of the court, was that question in the case.

R. F. LYON, JOHN R. COOPER and JAMES A. THOMAS, for plaintiff in error.

W. A. LITTLE, attorney-general, and W. H. FELTON, JR., solicitor-general, contra.