# CASES

### DECIDED IN THE

# SUPREME COURT OF GEORGIA

### AT THE

## MARCH TERM, 1900.

## DORSEY v. THE STATE.

1. Upon the trial of one charged with murder, it was erroneous to charge the jury as follows: "If you believe from the evidence in this case, beyond a reasonable doubt, that the defendant, . . at the time the fatal shot was fired, was placed in such situation as that, as a reasonable man, he believed that a felony was about to be perpetrated on him, . . and that he acted under those fears at the time he shot, then his act would be guiltless." Such charge is open to the objection that it might be understood as instructing the jury that the accused must prove the defense indicated "beyond a reasonable doubt."

2. There being no question that the accused intentionally shot the deceased, at very close range, with a shotgun, killing him almost instantly, a charge that, "Where a homicide is proved, that is a killing, the law presumes malice, and unless the evidence should relieve the slayer he would be guilty of murder," was substantially correct.

3. There being some evidence from which the jury could have found that the accused killed the deceased in mutual combat, begun and carried on in hot blood, it was proper to give in charge section 73 of the Penal Code; but it was erroneous for the judge to say to the jury, in this connection, "I now read section 73 as applicable to this case; . . this, now, is especially applicable in a case of mutual combat—mutual intent to fight," as such language amounted to at least an intimation of the judge's opinion on the facts of the case.

4. The charge quoted below was pertinent and in substance sound: "If . . you believe the parties went together and met under circumstances showing mutual intent to fight, to have a mutual combat, and that they were armed and looking to that end, and that they had prepared weapons for that purpose and met together, and one of them was quicker than the other and by this means fired before the other

331

could fire, or did fire, that would still be a crime, and the jury would be authorized to find the killing murder." However, the jury should have been instructed in this connection, or elsewhere in the charge, upon the law of voluntary manslaughter as applicable to cases of mutual combat.

Argued January 15, — Decided April 4, 1900.

Indictment for murder.  Before Judge Estes.  White superior court.  October term, 1899.

*I. L. Oakes, George P. Erwin,* and *H. H. Dean,* for plaintiff in error.  *J. M. Terrell, attorney-general,* and *W. A. Charters, solicitor-general,* contra.

FISH, J.  W. J. Dorsey was convicted of murder, and sentenced to life imprisonment in the penitentiary.  Upon the overruling of his motion for a new trial, he excepted.

1. One of the grounds of the motion for a new trial was, that the court erred in charging the jury as follows:  "If you believe from the evidence in this case, beyond a reasonable doubt, that the defendant, West Dorsey, at the time the fatal shot was fired, was placed in such situation as that, as a reasonable man, he believed that a felonious assault was about to be perpetrated on him, or his child—which would be the same thing,—and that he acted under those fears at the time he shot, then his act would be guiltless, that is to say, the law would justify that act." This charge was manifestly erroneous, as it required the jury to believe, beyond a reasonable doubt, that the accused, at the time the fatal shot was fired, acted under the fears of a reasonable man that a felonious assault was about to be committed upon him, before they would be authorized to acquit.  The law presumed that the accused was innocent, until his guilt was proved beyond a reasonable doubt; and if the State submitted sufficient evidence to remove the presumption of innocence, the accused was required to establish his defense only to the reasonable satisfaction of the jury.  If the evidence which he introduced, considered in connection with that for the State, was sufficient to raise a reasonable doubt of his guilt, he was entitled to an acquittal.  Evidently the words, "beyond a reasonable doubt," were inadvertently used, in this connection, by the learned judge.

2. Complaint is also made that the court erred in charging the jury, that " When a homicide is proved, that is a killing, the law presumes malice, and unless the evidence should relieve the slayer he would be guilty of murder." Applied to the undisputed facts of this case, this charge was substantially correct. There was no question that the accused intentionally shot the deceased, at very close range, with a shotgun, killing him almost instantly, and unless some evidence of justification or alleviation were shown, either by the State or the accused, malice would be presumed and the homicide be graded as murder. *Wortham* v. *State,* 70 *Ga.* 336; *Marshall* v. *State,* 74 *Ga.* 26; *Vann* v. *State,* 83 *Ga.* 44; *Lewis* v. *State,* 90 *Ga.* 95; *Futch* v. *State,* Id. 472; *Butler* v. *State,* 92 *Ga.* 601.

3. Another ground of the motion for a new trial was, that the court erred in instructing the jury as follows: "I now read section 73 as applicable to this case. 'If a person kill another in his defense, it must appear that the danger was so urgent and pressing at the time of the killing,' (this now is especially applicable in a case of mutual combat—mutual intent to fight) 'that, in order to save his own life, the killing of the other was absolutely necessary; and it must appear, also, that the person killed was the assailant, or that the slayer had really and in good faith endeavored to decline any further struggle before the mortal blow was given.'" The error assigned upon this charge was, that it was not applicable to the facts of this case, and that the court in it intimated an opinion as to what had been proved. The law embodied in the above-quoted section of the Penal Code should be given in charge only when, from the facts and circumstances of the case, the jury would be warranted in finding that the homicide was committed in mutual combat, begun and carried on in hot blood, thus rendering both parties blamable. *Delegal* v. *State,* 109 *Ga.* 518, and cases cited. We do not think the court erred in giving the section in charge. There was some evidence submitted to the jury from which they could have concluded that the defendant and the deceased, in hot blood, engaged in a mutual combat. There was evidence that upon the occasion of the homicide they had an angry altercation, during which there was a struggle between them for the possession of a gun in the hands of the defendant's son; that the

defendant got the gun from the deceased, and that the latter immediately attempted to draw his pistol, and, while doing so, was shot and killed by the defendant. Now, applying the rule laid down in the section under consideration, if the defendant and the deceased were, in hot blood, struggling with each other for the possession of the gun, the purpose of each being to get it and shoot the other, then, before the defendant could be justified in killing the deceased, it would have to appear that the deceased was the assailant, and also that at the time of the killing the danger was so urgent and pressing, that, in order to save his own life, it was absolutely necessary for the defendant to take the life of the deceased, or, if the defendant made the first assault, then, before he could be justified, not only must such absolute necessity for killing the deceased have existed, but it would have to appear, also, that the defendant really and in good faith endeavored to decline any further struggle before the fatal shot was fired. If, on the other hand, the intention of the deceased was to get possession of the gun for the purpose of shooting the defendant, or his son, and the defendant, in the struggle, was merely endeavoring to prevent the deceased from executing his purpose, then there would be no blame, as to this matter, on the part of the defendant, and the provisions of section 73 would not be applicable. It was for the jury to determine, under all the facts and circumstances of the case, what the truth of the matter was, and to then apply the law, as given them in charge, to the facts as they found them. What the court said, in connection with the reading of this section to the jury, was a clear intimation of opinion as to the facts of the case. It was equivalent to telling the jury that the accused and the deceased had engaged in mutual combat—that there was a mutual intention to fight. This of course, was error, under section 1032 of the Penal Code.

4. There was no error in the charge quoted in the fourth headnote; it was sound in substance and pertinent. The court, however, in this connection or elsewhere in the charge, should have instructed the jury to the effect that, if the defendant and the deceased, upon a sudden quarrel, in hot blood, engaged in a mutual combat, during which the defendant killed the deceased, and if the danger was not so urgent and pressing at the time of

the homicide that, in order to save his own life, it was absolutely necessary for the defendant to take the life of the deceased, then the defendant would be guilty of voluntary manslaughter. There were no material errors in the other charges excepted to; and the various requests to charge, so far as they were legal and pertinent, were covered by the general charge.

*Judgment reversed.   All the Justices concurring.*