## DRANE *v.* THE STATE.

1. There being evidence in this case tending to show that the decedent was in pursuit of a third person with intent to commit a felonious assault upon him, and that the accused seized the gun with which the decedent was armed, attempting to wrest it from him, and that a struggle for the possession of the gun between the accused and the decedent followed, during which or at the end of which the gun was discharged and a mortal wound thereby inflicted upon the decedent, it was a question for the jury to determine whether or not the circumstances were such as to justify the excitement of passion and to exclude all idea of deliberation and malice on the part of the accused. That being true, and there being evidence to authorize the finding that the shooting was intentional, the law of voluntary manslaughter was involved, and the failure of the court to charge the law upon that subject was error.

2. An assignment of error upon the court's failure to charge the law upon the subject of involuntary manslaughter is not sufficiently definite, where the exception fails to designate the branch of involuntary manslaughter which it is contended the court should have given. Besides, the defendant's theory was that the discharge of the gun, which resulted in the death of the decedent, occurred during a struggle for the possession of the gun, and that the shooting was purely accidental; and the judge having instructed the jury that if the shooting was accidental, as contended, the defendant was not guilty of any crime and should be acquitted, there was no ground for exception on his part.

No. 163. AUGUST 17, 1917.

Indictment for murder. Before Judge Littlejohn. Lee superior court. December 8, 1916.

*Robert R. Forrester,* for plaintiff in error.

*Clifford Walker, attorney-general, L. J. Blalock, solicitor-general pro tempore,* and *M. C. Bennet,* contra.

BECK, J. The accused was indicted for the offense of murder, it being charged in the indictment that he feloniously killed one Elie Teal. Upon the trial the defendant was convicted of murder, the jury recommending that he be imprisoned for life. A motion for a new trial was overruled.

The plaintiff in error contends that the court erred in not charging the jury upon the subject of voluntary manslaughter; and we are convinced, after reading the evidence in the record, that a charge upon that subject was required, and that the court erred in failing to instruct the jury in regard thereto. There is evidence tending to show that the decedent was at the house of one Joe Taylor, and had brought with him a gun. For some reason which is not developed in the evidence, the decedent, armed with a gun, was pursuing Taylor, the latter having fled from him. The defendant attempted to wrest the gun from the possession of the decedent, and there was a struggle for the possession of the weapon. Eyewitnesses say that the accused and the decedent had a "tussle" over the gun. During the tussle, or just at the end of it, the gun was fired, and a mortal wound was inflicted upon Teal, the wound being located in his back. There was other evidence from which the jury were authorized to find that the shooting was intentional. From the evidence the jury might have believed, had the question been submitted to them, that the accused was trying to take from the decedent a weapon with which the latter was about to commit a felonious assault upon a third person, and that the accused was justifiable in the attempt to take this weapon and in seizing it with his hands. And if he was justifiable in seizing it, and the decedent attempted to wrest it from the accused when the latter had it in his grasp for the purpose of preventing a felonious use of it, it would be a question for the jury, in considering the character of the struggle for the complete possession of the weapon, to determine whether or not the circumstances were such as to fall within that class referred to in the statute upon the subject of voluntary manslaughter as "other equivalent circumstances," and

therefore were of the character to justify the excitement of passion and to exclude all idea of deliberation and malice. We do not rule, as a matter of law, that if the decedent tried to retake his gun from the accused, who had seized it, and if under the excitement caused by this act the accused shot and killed him, this would necessarily reduce the killing from murder to voluntary manslaughter; we merely rule that it raises a question for the jury to determine. And that being true, the jury should have had appropriate instructions upon the subject of voluntary manslaughter.

The ruling made in the second headnote requires no elaboration; and as the case is remanded for another trial, no opinion is expressed as to the sufficiency of the evidence to authorize the verdict.

*Judgment reversed. All the Justices concur, except Gilbert, J., dissenting.*