## INMAN *v.* THE STATE.

No. 8776. JANUARY 14, 1932.

*F. S. Harrell,* for plaintiff in error.

*George M. Napier, attorney-general, G. C. Spurlin, solicitor-general,* and *T. R. Gress, assistant attorney-general,* contra.

GILBERT, J. The exception is to a judgment overruling a motion for a new trial, where the movant had been tried and con-

victed of the offense of murder. The general grounds of the motion are expressly abandoned.

■ One of the special grounds complains of the admission of the following evidence over objection that it was hearsay: "Mattie Brown called Queen Esther Brown and told her to tell the man who was picking the box, the music man, to close down the frolic. Laura Inman was near them, and she said to Queen Esther Brown, 'What was all this for?' and Queen said, 'I wasn't speaking to you; I was speaking to the man that was picking the box,' and Laura asked her what for, and Queen said, 'Mama told me to tell the man to quit picking the box and close down the party.'" It appears from that portion of the evidence quoted that the defendant was present and heard the statement which the court admitted in evidence. The evidence as a whole makes it clear that the evidence to which objection was made was part of a conversation in which the accused took part, and was admissible as part of the res gestæ. Therefore the court did not err as contended in this ground of the motion.

■ Another ground complains that the court erred in charging as follows: "If you believe that the defendant voluntarily stabbed and killed Frank Williams as alleged, that she did so under circumstances where the law would neither justify nor excuse, but it was done under a violent impulse of passion supposed to be irresistible, produced by some actual assault upon the defendant by the deceased or attempt by the deceased to commit a serious personal injury upon the defendant, or under other equivalent circumstances sufficient to justify such excitement and passion, in that event you would be authorized to find the defendant guilty of the offense of voluntary manslaughter. If you believe that the deceased was manifestly intending or endeavoring, by violence or surprise, to commit a felony upon the defendant, and the defendant killed him as alleged, it would be justifiable. . . A bare fear on the part of the defendant that the deceased was manifestly intending or endeavoring, by violence or surprise, to commit a felony on her would not justify her in killing the deceased as alleged." The criticism is that the defendant did not contend that the person killed was making any attack on her, but did contend that the attack was being made by another person, and that in defending herself against such attack the deceased was

accidentally killed. The court instructed the jury on the law of accidental killing. The excerpt charged is a correct principle of law; movant does not contend otherwise. If movant desired additional instructions based upon the theory that an assault was made upon her by a third person, a proper written request should have been duly presented. There was no evidence upon which such a charge could have been based; and though the statement of the accused might have authorized it if given in response to a proper request, it was not error to fail to so charge without request.

■ Another ground complains that "the court erred in failing to charge the law relating to involuntary manslaughter." No error. Such charge was not authorized by the evidence. RUSSELL, C. J., and ATKINSON, J., dissent from this ruling.

*Judgment affirmed. All the Justices concur, except Russell, C. J., and Atkinson, J., who dissent.*