## SMITH *v.* THE STATE.

No. 16069. FEBRUARY 12, 1948.

*Dan S. Cowart* and *C. L. Cowart,* for plaintiff in error.

*Eugene Cook, Attorney-General, R. L. Dawson, Solicitor-General,* and *Wright Lipford, Assistant Attorney-General,* contra.

HEAD, Justice. 1. In ground 1 of the amended motion for new trial, it is contended that the court gave the principle of justifiable homicide as set forth in the Code, § 26-1011, and the principle of justifiable homicide as applied to mutual combat in § 26-1014, so as to make them applicable to the same statement of facts; the principles of law embraced in these sections are entirely separate and distinct, and the charge confused separate principles of law and was calculated to confuse and mislead the jury; the charge placed a greater burden on the defendant than the law requires; it qualified and limited the law of self-defense; the law of justifiable homicide as applied to mutual combat has no connection whatever with the law of justifiable homicide as set forth in § 26-1011.

This court has repeatedly held that it is reversible error for the court to charge §§ 26-1011, 26-1012, and 26-1014 in such manner as to confuse the jury in a proper application of the principles of law contained in § 26-1014. *Franklin* v. *State,* 146 *Ga.* 40 (90 S. E. 480); *Boatright* v. *State,* 162 *Ga.* 379 (4) (134 S. E. 91); *Little* v. *State,* 164 *Ga.* 509 (5) (139 S. E. 37). But it is not error to fail to charge the law of justifiable homicide where such law is not applicable to the facts of the case. *Miller* v. *State,* 139 *Ga.* 716 (4) (78 S. E. 181); *Benjamin* v. *State,* 150 *Ga.* 78 (2) (102 S. E. 427); *Turner* v. *State,* 190 *Ga.* 316 (9 S. E. 2d, 270).

The court's charge on justifiable homicide under the Code, § 26-1011, was not authorized by any evidence. There is no evidence in the record that the deceased had made any assault on the defendant or that it was necessary for the defendant to kill the deceased in self-defense or that the deceased was attempting to commit any felony on the person or property of the defendant. The jury would have been authorized to find, under the State's evidence, that the possession of the automobile crank by the deceased was solely for the purpose of preventing the defendant from further using it as an instrument of battery on the person of the deceased.

If any principle of justifiable homicide could be involved in this case, its rests solely upon the defendant's statement that he and the deceased fought in the house, and at the time of the killing the deceased had drawn back the crank to hit him, and he threw up the gun, and it was accidentally discharged. The law of justifiable homicide in mutual combat might possibly be involved under such statement of the defendant, but the law of justifiable homicide under § 26-1011 could not be involved.

Since the law of justifiable homicide under § 26-1011 was not involved under the facts of this case, it would not have been error to fail to charge such section, and the charging of the section gave to the defendant a defense to which he was not entitled, and was more favorable to him than was authorized by the evidence. Even if the charge as given had the effect of limiting the law of justifiable homicide to the principles contained in § 26-1014, this was not harmful error to the defendant, since he was entitled to no other charge on justifiable homicide under the evidence and his statement, and the charge did not destroy any defense to which he was entitled. *Jackson* v. *State*, 135 *Ga.* 685 (2-b) (70 S. E. 245); *Jones* v. *State*, 197 *Ga.* 609 (30 S. E. 2d, 192).

2. In ground 2 of the amended motion for new trial, it is contended that the court erred in failing to charge the Code, § 26-1017, as follows: "The homicide appearing to be justifiable, the person indicted shall, upon the trial, be fully acquitted and discharged." It is the contention of the defendant that the principle of homicide in self-defense was directly involved in the case,

and the failure of the court to charge § 26-1017 had the effect of withdrawing from the jury his theory of justifiable homicide. Under the rulings made on ground 1 of the amended motion for new trial, this contention is without merit.

3. In ground 3 of the amended motion, complaint is made of the following charge of the court: "Now, gentlemen, I charge you on the question of accident, which counsel contends in this case, I charge you as follows: A person shall not be found guilty of any crime or misdemeanor committed by misfortune or accident, and where it satisfactorily appears there was no evil design or intention or culpable neglect." It is insisted: that the words "which counsel contends in this case" was an intimation of opinion by the court that the defense of accident was not involved, was the equivalent of instructing the jury that the court would not have charged them on the law of accident except for the request of counsel, and was calculated to impress the jury that the court did not have any faith in this theory of the defense; that the charge on the law of accident was not sufficiently clear; that, where the judge undertakes to charge on a defense presented by the defendant's statement, he must charge fully, fairly, and clearly, and apply the charge to the contentions of the defendant.

A failure of the court to charge on any defense made solely by the defendant's statement, as is true in this case as to accident, in the absence of a written request, is not error. *Baker* v. *State,* 111 *Ga.* 141 (2) (36 S. E. 607) ; *Turner* v. *State,* 190 *Ga.* 316 (3) (9 S. E. 2d, 270). And where the trial court has clearly charged the law of accident, it is not error, in the absence of a written request, for the court to fail to instruct the jury that, if they believe the killing was an accident as contended by the defendant, they should return a verdict of not guilty. *Neal* v. *State,* 151 *Ga.* 367 (106 S. E. 906). The charge as given was not subject to any criticism urged.

4. In ground 4 of the amended motion, exception is taken to the following charge: "Now, gentlemen, the defendant, Ernest Smith, enters upon this trial with the presumption of innocence in his favor, and the presumption attends him throughout the trial until and unless the State proves his guilt to a moral and reasonable certainty and beyond a reasonable doubt. If the

State has thus proven his guilt, then that removes the presumption of innocence and you would be authorized to convict him." It is contended that the charge was injurious to the defendant, because it was not a correct statement of the law since the presumption of innocence attends the defendant throughout the trial; because the presumption of innocence is in the nature of evidence which the jury is bound to consider through the entire trial, and such evidence is not to be discarded as soon as the State has produced evidence tending to prove the guilt of the defendant.

This court has repeatedly held that where a killing with a deadly weapon is proved to be the act of the defendant, the presumption of innocence is removed and the burden is then upon the defendant to justify or mitigate the homicide, unless the evidence offered by the State shows justification or mitigation. *Vann* v. *State,* 83 *Ga.* 44 (9 S. E. 945); *Lewis* v. *State,* 90 *Ga.* 95 (15 S. E. 697); *Dorsey* v. *State,* 110 *Ga.* 333 (35 S. E. 651); *Williford* v. *State,* 121 *Ga.* 173 (48 S. E. 962).

In this case the State's evidence tended to establish an unprovoked, unjustifiable, and brutal killing of the deceased by the defendant. It was a question of fact to be determined by the jury whether or not the State's evidence had overcome the presumption of innocence, and whether or not the defendant's statement showed justification or mitigation. The charge was not erroneous for any reason assigned.

5. In ground 5 of the amended motion, it is contended that the court erred in failing to charge the jury that, if they believed from the evidence that there was testimony of an accomplice to the alleged crime, before they would be authorized to convict the defendant they would have to find that there was other testimony or corroborating circumstances tending to connect the defendant with the crime, independent of the testimony of the accomplice.

It is unnecessary to express any opinion as to whether or not the State's evidence tended to establish that Sylvester Byrd was an accomplice of the defendant. Assuming that there was evidence that would have authorized a jury to find that he was an accomplice, the State did not rely solely on the evidence of the alleged accomplice to connect the defendant with the offense,

and the defendant in his statement admitted the killing and claimed that it was an accident. It was not incumbent upon the court in this case to instruct the jury on the law of corroboration of an accomplice without a request to do so. *Robinson* v. *State*, 84 *Ga.* 674 (11 S. E. 544).

6. Ground 6 of the amended motion for new trial attacks the charge of the court as a whole, it being contended that, while the charge contains abstract principles of law applicable to the case, it does not in any way attempt to apply such correct abstract principles.

The charge as given fully covered the principles of law involved; and the only obfuscation therein gave the defendant the benefit of favorable principles of law to which he was not entitled. If further elaboration of the charge was desired, a timely written request for such instructions should have been submitted.

*Judgment affirmed. All the Justices concur, except Bell, J., absent on account of illness, and Wyatt, J., who took no part in the consideration or decision of this case.*