34022.   THOMAS *v.* THE STATE.

DECIDED APRIL 17, 1952.

16

*E. O. Blalock*, for plaintiff in error.

*J. R. Walker, Solicitor-General,* contra.

TOWNSEND, J. (After stating the foregoing facts.) ■ The

special ground of the amended motion for a new trial complains of the failure of the trial court to submit to the jury the law of involuntary manslaughter as defined in Code § 26-1009. As was pointed out in the statement of facts herein, the defendant offered no evidence and made no statement upon the trial. The State relied solely on the fact that the deceased was found dead from a pistol-shot wound in the place of business of the defendant; that the defendant made a statement to the arresting officers, on their arrival at the scene immediately following the shooting, that it was he who fired the fatal shot, and certain other facts and circumtances leading up to and surrounding the shooting, all of which are more fully set forth elsewhere in this opinion. The only inference that may be drawn from these facts and circumstances is that the defendant shot and killed the deceased under circumstances of justification, but that he did so intentionally and in self-defense. The evidence, therefore, does not support any theory of involuntary manslaughter in the commission of an unlawful act. *Drane* v. *State,* 147 *Ga.* 212, 213 (2) (93 S. E. 217); *Inman* v. *State,* 174 *Ga.* 167 (3) (162 S. E. 124). The special ground of the amended motion for a new trial is without merit.

In a consideration of the general grounds, attention is directed to *Smith* v. *State,* 203 *Ga.* 317, 324 (46 S. E. 2d, 583), where it was held as follows: "This court has repeatedly held that where a killing with a deadly weapon is proved to be the act of the defendant, the presumption of innocence is removed and the burden is then upon the defendant to justify or mitigate the homicide, *unless the evidence offered by the State shows justification or mitigation."* (Emphasis added.) See also *Vann* v. *State,* 83 *Ga.* 44 (9 S. E. 945); *Lewis* v. *State,* 90 *Ga.* 95 (15 S. E. 697); *Dorsey* v. *State,* 110 *Ga.* 331, 333 (35 S. E. 651); *Williford* v. *State,* 121 *Ga.* 173 (48 S. E. 962).

As has been previously herein pointed out, the defendant offered no evidence and made no statement. Whatever is disclosed by the evidence in this case must come from that offered by the State. The killing with a deadly weapon is shown without dispute. The defendant stated this fact to the officers immediately upon their arrival. This statement, however, included other facts showing justification for his act. Every material part of

18

this statement is corroborated and supported by other facts and circumstances, all of which come from the State's evidence. It follows, therefore, that the presumption of innocence as set out in the foregoing rule was not removed and the burden of proof was not at any time upon the defendant to justify or mitigate the homicide here, because this case clearly falls within the exception to that rule shown above in italics. The evidence fails to support the verdict, and the trial court erred in overruling the motion for a new trial on the general grounds.

*Judgment reversed. Gardner, P.J., and Carlisle, J., concur.*