20043. AYERS *v.* THE STATE.

Argued April 14, 1958—Decided May 7, 1958.

*Murphy & Murphy, Claude V. Driver,* for plaintiff in error.

*Robert J. Noland,* Solicitor-General, *James I. Parker,* Assistant Solicitor-General, *Don B. Howe, Howe & Murphy, Eugene Cook,* Attorney-General, *Rubye G. Jackson,* Deputy Assistant Attorney-General, contra.

MOBLEY, Justice. 1. As to the general grounds, counsel for the defendant contends that the State failed to establish the corpus delicti and rely upon *Warren* v. *State,* 153 *Ga.* 354 (2) (112 S. E. 283), where it was said: "To sustain a conviction in a case of homicide, it is essential to prove the corpus delicti; that is, first, that the person alleged in the indictment to have been killed is actually. dead, and second, that the death was caused or accomplished by violence, or other direct criminal agency of some other human being, that is, it was not accidental, nor due to natural causes, nor to the act of the deceased; and that the accused caused the death by one or more of the means charged." Counsel admits that the death of the deceased was sufficiently shown, but contends that it was not proved that the defendant intentionally killed the deceased in the manner alleged. The indictment charged that the defendant did, with malice aforethought, murder the deceased by shooting him with a rifle and gun. There was evidence that the deceased was shot three times with a .22 caliber weapon, from which wounds he died. While in every trial for murder it is essential to a conviction that malice, express or implied, be shown (*McMillan* v. *State,* 35 *Ga.* 54), yet "Malice shall be implied where no considerable provocation appears, and where all the circumstances of the killing show an abandoned and malignant heart." Code § 26-1004. And it is a well-settled principle of law that a presumption of an intention to kill arises from the use of a weapon that, in the usual and natural manner in which it was used on the occasion in question, was a weapon likely to produce death. *Hanvey* v. *State,* 68 *Ga.* 612 (4). There is evidence that the deceased was shot three times, and as far as may be determined such shooting was wholly unexpected, without warning, and without provocation. After shooting the deceased, the defendant got out of his truck and opened fire upon those who were trying to give aid to the deceased. When these had left

the scene, the defendant turned his gun on two innocent bystanders, and as they fled, shot one of them through the arm. In our opinion, this evidence in the record is amply sufficient to establish the ingredient of malice. The elements of the corpus delicti may be shown by circumstantial as well as direct evidence. *Jester* v. *State*, 193 *Ga.* 202, 208 (17 S. E. 2d 736), and cits.; *Wright* v. *State*, 199 *Ga.* 576 (1) (34 S. E. 2d 879). The evidence supports the verdict, and the general grounds are without merit.

2. Special grounds one and two, excepting to the introduction in evidence of a .22 rifle and a photograph of the inside of the Mason car, are without merit.

3. Special ground three, excepting to the court's charge on the law of murder, is but an amplification of the contentions' made upon the general grounds, and this ground is without merit.

4. In special ground four, error is assigned upon the following excerpt from the charge: "If a person is killed by another, as charged in the indictment, by an instrument in the manner in which it was used was one likely to produce death, and at the time of the killing there were no circumstances such as to excite the fears of a reasonable man that he was in danger from the deceased, under the instructions I have given you and shall give you, then the law would imply malice on the part of the defendant, and you would be authorized to find the defendant guilty as charged in this bill of indictment." It is contended that this charge, under the evidence and the defendant's statement, was confusing and misleading to the jury, not adjusted to the evidence, and that said charge instructed the jury that, if the defendant shot the deceased without being in fear of danger, then they would be authorized to convict, whether the shooting was accidental or not. The charge excepted to is not a correct statement of the law as applied to the facts of this particular case, since the only defense relied upon by the defendant was that of accident. Code § 26-404 declares that "A person shall not be found guilty of any crime or misdemeanor committed by misfortune or accident, and where it satisfactorily appears there was no evil design, or intention, or culpable neglect." The principle of implied malice from the use of a deadly weapon was

well stated in *Smith* v. *State*, 203 *Ga.* 317, 324 (46 S. E. 2d 583), as follows: "This court has repeatedly held that where a killing with a deadly weapon is proved to be the act of the defendant, the presumption of innocence is removed and the burden is then upon the defendant to justify or mitigate the homicide, unless the evidence offered by the State shows justification or mitigation. *Vann* v. *State*, 83 *Ga.* 44 (9 S. E. 945); *Lewis* v. *State*, 90 *Ga.* 95 (15 S. E. 697); *Dorsey* v. *State*, 110 *Ga.* 333 (35 S. E. 651); *Williford* v. *State*, 121 *Ga.* 173 (48 S. E. 962)." The presumption of malice arising from the use of a deadly weapon may be overcome not only by proof of circumstances of justification, but also by proof of *accident* or proof of a lower grade of homicide (*Lewis* v. *State*, 90 *Ga.* 95, supra); and where, as here, the evidence for the State shows a killing by the use of a deadly weapon and the defendant's sole defense is that of accident, it is error to instruct the jury in effect that they would be authorized to imply malice from the use of such weapon *and* to convict the defendant unless it be shown that he acted under the fears of a reasonable man that he was in danger from the deceased. Under the evidence in this record, such charge eliminated the defendant's defense, and while the judge later charged upon accident as a defense, he nowhere corrected his previous erroneous charge. Whether the defendant had overcome the presumption of malice raised by the State's evidence was a material issue in the case, and it was error for the court to restrict the jury in its decision upon this matter to a question whether the defendant was acting under the fears of a reasonable man, or in other words, authorize a conviction if the jury found that he was not so acting. The charge upon this principle being erroneous and upon a material issue in the case, the error was not rendered harmless by a subsequent correct charge on the law of accident as a defense to the crime charged. *Citizens & Southern Nat. Bank* v. *Kontz*, 185 *Ga.* 131 (2) (194 S. E. 536); *Bryant* v. *State*, 191 *Ga.* 686, 719 (13 S. E. 2d 820); *Western & Atlantic R. Co.* v. *Clark*, 117 *Ga.* 548 (2) (44 S. E. 1). The charge excepted to in this ground was error and harmful to the defendant, and the trial court erred in overruling this ground of the motion for new trial, and erred in refusing a new trial.

*Judgment reversed. All the Justices concur, except Candler, J., who dissents.*

CANDLER, Justice, dissenting. I do not agree to the ruling in division 4 of the opinion or to the judgment of reversal. The State's evidence shows that the accused, while voluntarily intoxicated and while sitting in the seat of his parked truck, shot Posey three times with a rifle and without any justification for doing so, thereby inflicting wounds on him from which he died a few days later. It also shows that the accused, soon after shooting Posey, got out of his truck and started shooting his rifle toward Luther Mason's car which was then being used for the purpose of getting Posey to a doctor. As Mason's car was being driven away, the accused began shooting in the direction of Flynn Cook's car which he had stopped just before the shooting started because the road was blocked by the defendant's truck and Mason's car. As Cook fled from the scene, other shots were fired and he received a bullet wound. The accused offered no evidence and in his statement to the jury gave accident as his only excuse for the killing, and in his statement he referred to the deceased as being his best friend. The accused, as I have pointed out, planted his defense squarely on the proposition that the killing resulted solely from an unfortunate accident which occurred while he was trying to unload his rifle; and the judge, after giving the instruction complained of and after he had already instructed the jury that they had a right to believe the defendant's statement in preference to any or all of the sworn testimony, specifically and plainly charged the jury more than three times that it would be their duty to acquit the accused if they believed the killing resulted from an accident, and as to this portion of the charge there is no complaint. Before charging on the law of accident, the judge had instructed the jury as follows: "If a person is killed by another as charged in the indictment, by an instrument in the manner in which it was used was one likely to produce death, and at the time of the killing there were no circumstances such as to excite the fears of a reasonable man that his life was in danger from the deceased, under the instructions I have given you and shall give you, then the law would imply malice on the part of the de-

162

fendant, and you would be authorized to find the defendant guilty as charged in this bill of indictment." Error is assigned on this portion of the charge in special ground 4 of the motion for new trial. I, of course, agree with the majority that the presumption of malice, which arises where a killing results from the use of a deadly weapon, may be overcome not only by proof of justification, but also by proof of accident or proof of a lower grade of homicide, and I am also familiar with the rule that, where an incorrect principle of law is charged as to a material issue involved in the case, the error is not rendered harmless by a subsequent statement of the correct principle, unless the judge expressly calls the attention of the jury to the incorrect statement and retracts it; but this rule does not apply where the portion of the charge complained of is simply modified or completed by a subsequent instruction and the one is not a contradiction of the other. Giving an incomplete charge, and afterwards modifying or completing it, is a different matter from giving two inconsistent and contradictory instructions without withdrawing the erroneous instruction and calling the attention of the jury to the erroneous charge and the correct charge substituted in its place. *Brown* v. *Kendrick*, 163 *Ga.* 149, 161 (135 S. E. 721). This court has repeatedly held that, where a killing with a deadly weapon is proven to be the act of the defendant, the presumption of innocence is removed, and the burden is then upon the defendant to justify or mitigate the homicide unless the evidence offered by the State shows justification or mitigation. See *Smith* v. *State*, 203 *Ga.* 317, 324 (46 S. E. 2d 583), and the several cases there cited. By the portion of the charge complained of the court in effect instructed the jury that, where one kills another with an instrument which is likely to produce death in the manner in which it is used at the time, and kills under circumstances which are not sufficient to excite the fears of a reasonable man that his life is in danger from the deceased, the law implies malice on the part of the defendant, and the jury would be authorized under those circumstances to convict the defendant of murder. This portion of the charge is not inconsistent with or contradictory of the later instruction where the judge plainly charged the jury that,

# 163

if they believed the defendant killed Posey and that the killing resulted from an accident, then it would be their duty to acquit him. I think the excerpt complained of is a correct statement of a principle of law and there is no contention that the judge did not fully and correctly charge on the subject of accident. The excerpt complained of simply amounts to an instruction that the jury would be *authorized* to convict the defendant of the offense charged in the indictment if they found that he killed the deceased with a deadly weapon and under circumstances which were not sufficient to excite the fears of a reasonable man that his life was in danger from the deceased, and this portion of the charge is not inconsistent with or contradictory of the later charge that it would be the *duty* of the jury to acquit the accused if they believed the killing resulted from an accident. Juries, being composed as they are of upright and intelligent persons, are capable of comprehending and do understand and properly apply much more of a court's charge than we sometimes suppose they do; and if a charge is sufficiently clear to be understood by jurors of ordinary capacity and understanding, this is all that is required. *Georgia Railroad* v. *Thomas,* 73 *Ga.* 350, 356; *Barron* v. *Chamblee,* 199 *Ga.* 591, 597 (34 S. E. 2d 828).