39217.   DELLENBACK v. DOBBS.

Decided December 5, 1961—Rehearing denied
December 18, 1961.

*Edwards, Bentley, Awtrey & Bartlett, Scott S. Edwards, Jr.,*
*Calhoun & Calhoun, Walter W. Calhoun,* for plaintiff in error.

*T. J. Long, Ben Weinberg, Jr.,* contra.

FELTON, Chief Judge. The relevant testimony in the case is as follows: Mrs. Lilly M. Dobbs, defendant in error, testified substantially: that on July 28, 1957, she was driving her car from Darien to Brunswick, Ga., on Highway 17; that she was accompanied by Mrs. Charles S. Reid who was sitting on the right-hand side on the front seat; that it started raining very hard, in fact so hard she could not see the road in front; that

she could see only a few feet ahead and she decided to pull over to her side of the road and wait until it slacked up; that the last thing she remembers was that she was trying to pull over to the right-hand side of the road. Mrs. Dobbs further stated: "I don't remember one thing from the time I started turning to the right until I woke up in the hospital. I was in the hospital two months. . . I was injured seriously. . . I was told that Mrs. Reid was killed in this collision. I don't recall crossing the center line of the highway. . . I don't recall seeing any cars in front of me. . . I was not paying any attention to the traffic to observe any traffic traveling toward me in the opposite direction, I was looking at the road. . . I haven't the slightest idea what I collided with. I don't know where I collided. I understand my automobile was demolished." Mrs. Dobbs further stated that the windows in her car were rolled up but the air conditioning was on so the windows were not frosted; that she did not know the exact spot that the accident took place but she thought it was on the long stretch, the straight-away.

Dorothy Bruce, driver of the car with whom defendant collided, testified substantially as follows: that she was driving her car on Highway 17, July 28, 1957, at approximately 11:30 a.m., when suddenly she saw a car dart out in front of her on her side of the road coming towards her; that this car was traveling in the opposite direction and was in the rear of at least five or six on-coming vehicles when it came on her side of the road; that the road was not wide enough for more than two cars; that the collision took place on her side of the road; that she had no warning of the car darting out onto her side and there was no lapse of time between the time she saw the car dart out on her side of the road and the actual impact; that the first notice she had was when she saw the car on her side of the road, crossways and sliding down the highway towards her. Miss Bruce further stated that it was raining very hard; that she was not driving over forty-five miles per hour but she did not know how fast the defendant's car was traveling.

The court erred in directing a verdict for the defendant. Where the evidence for the plaintiff shows a violation of a crim-

inal statute and does not show justification or lack of criminal intent there is a prima facie presumption of criminal intent and the burden of proof shifts to the defendant to show accident or lack of criminal intent. *Ayers v. State,* 214 Ga. 156, 160 (103 SE2d 574). The rule applies to acts malum prohibitum. *Bienert v. State,* 85 Ga. App. 451, 454 (69 SE2d 300). In this case a violation of the act of 1953 (Ga. L. 1953, Nov.-Dec. Sess., pp. 556, 582; *Code Ann.* § 68-1634) was shown. The testimony of the plaintiff's witness, Dorothy Bruce, did not show accident or lack of criminal intent otherwise. It showed that the defendant's automobile was skidding sideways as it approached her on witness's side of the road but it did not show that the skidding began on the defendant's side of the road. The burden was therefore on the defendant to show that non-negligent skidding began on defendant's side of the road. The testimony of the defendant does not show directly that the skidding began on her side of the road. Circumstantially it does not show as a matter of law that the skidding began on her side of the road. It was at least a jury question, if not one that can be labeled as a matter of law as insufficient to show lack of intent, whether the defendant's explanation of how her car got on the wrong side of the road was reasonable or probable. She testified that she was driving at 15 miles per hour and was pulling off to her right-hand side of the road to await a slackening in the raining. It certainly cannot be said that under these circumstances, as a matter of law, the defendant's car somehow got completely across to the other side of the road and skidded sideways into the oncoming car. In *Jackson v. Martin,* 89 Ga. App. 344 (79 SE2d 406), relied on so strongly by the defendant in error, the evidence showed that the defendant's vehicle began skidding in its own lane of traffic. The defendant in error also relies strongly on *Minkovitz v. Fine,* 67 Ga. App. 176 (19 SE2d 561). That case is not binding because it is contrary to the principle stated in the cases cited at the beginning of this opinion.

The court erred in overruling the motion for a new trial.

*Judgment reversed. Bell and Hall, JJ., concur.*