### 23621. BRIGHAM v. THE STATE.

QUILLIAN, Justice. Ben Brigham, indicted for the offense of murder in Burke Superior Court, was convicted without recommendation. The evidence, without conflict, and the defendant's statement proved that the defendant with a certain knife inflicted multiple stab wounds upon the deceased, a paramour with whom he resided, and that death resulted from those wounds. In his unsworn statement, the defendant made no allusion to any defense but simply stated he was fighting with the deceased when the stab wounds from which death resulted were inflicted. The cause of the fight or who was the aggressor was not disclosed in the statement.

The defendant, in the enumeration of errors filed in this court, contends the verdict of guilty was not supported by evidence because there was no proof of malice on his part and that the

trial judge erred in failing to charge on the subject of manslaughter. *Held:*

1. The defendant's statement in open court that, he slew the deceased with a certain knife, a deadly weapon when used in the manner employed in committing the homicide, was, in the absence of proof of justification or mitigation, sufficient evidence of implied malice necessary in a conviction for the offense of murder. *Vann v. State,* 83 Ga. 44 (8) (9 SE 945); *Charlton v. State,* 157 Ga. 373 (2) (121 SE 334); *Ayers v. State,* 214 Ga. 156, 158 (103 SE2d 574).

2. The defendant's insistence that the trial judge should have charged, without request, "the" law of manslaughter is based solely upon the defendant's statement that he was fighting with the deceased when the homicide occurred. While under repeated holdings of this court the exception on the failure to charge on the subject of manslaughter raises no question for consideration by this court (*Johnson v. State,* 146 Ga. 190 (5) (91 SE 42); *Armstrong v. State,* 181 Ga. 538 (3) (183 SE 67); *Richardson v. State,* 207 Ga. 373 (2) (61 SE2d 489)), nevertheless, the statement fell short of raising a possible inference that the slaying was manslaughter because it failed to disclose whether the defendant was the aggressor, whether the deceased in any manner provoked the attack upon her, and did not show any of the necessary elements of mutual combat. *Code* § 26-1006. *Griffin v. State,* 113 Ga. 279, 282 (1) (38 SE 844); *Marcus v. State,* 149 Ga. 209 (8) (99 SE 614); *Langford v. State,* 212 Ga. 364 (1) (93 SE2d 1). For all that appears from the statement, the deceased may have vainly attempted to defend herself in some manner against the attack made upon her by the defendant with the knife, a deadly weapon.

*Judgment affirmed. All the Justices concur.*

SUBMITTED SEPTEMBER 12, 1966—DECIDED SEPTEMBER 22, 1966.

*H. Cliff Hatcher,* for appellant.

*George Hains,* Solicitor General, *Arthur K. Bolton,* Attorney General, *G. Ernest Tidwell,* Executive Assistant Attorney General, *Charles B. Merrill, Jr.,* for appellee.