## 50925. HUGHES v. THE STATE.

PER CURIAM.

Defendant was indicted and tried for murder. The jury found him guilty of voluntary manslaughter. Defendant appeals the judgment of conviction and denial of his motion for new trial.

The evidence showed that appellant and Ralph Ridley engaged in a verbal confrontation early in the afternoon of June 17, 1974. Ralph later told his father, Murph Ridley, about the argument, and Murph proceeded to his brother's home, where appellant was visiting. As Murph was about to get out of his truck, appellant called to him, telling him not to get out of the truck but to go on and leave him alone. Appellant was standing in the yard behind a tree, holding a shotgun.

There was conflicting testimony as to who fired the first shot. Some of the witnesses testified that the victim, Murph Ridley, fired twice at appellant; then, appellant fired his shotgun at Murph, killing him. The testimony of Ralph Ridley indicated that appellant fired the first shot.

He testified that as Murph began to get out of his truck, a shotgun blast rang out. Then Murph moved to the corner of a building, and fired his pistol twice. Another shotgun blast rang out, and Murph was dead.

1. Error is alleged in the court's failure to either declare a mistrial or give curative instructions when the special prosecutor placed appellant's character in issue. ". . . [N]o evidence of general bad character or prior convictions shall be admissible unless and until the defendant shall have first put his character in issue." Code § 38-415.

The prosecutor asked a witness about the reputation of appellant, and the witness responded, "I don't know George too well." What the statute prohibits is the introduction of evidence of general bad character. There was no evidence introduced; the witness simply responded that he did not know appellant very well. Even though the question concerning appellant's character should never have been asked, it resulted in the introduction of no prohibited evidence. Thus, the court did not err in failing to declare a mistrial or give curative instructions.

2. In closing argument, the special prosecutor commented that this murder would not put to an end the differences between these two families. He argued that the only way to set the matter at rest was a verdict of guilty, which all would be bound to accept as truth and justice. Appellant objected to this argument as being improper and prejudicial. He assigns error in the failure of the trial court to provide instructions to the jury to remove this improper impression from their minds. See Code § 81-1009.

"Counsel are allowed the largest liberties in argument of cases before juries; and whether the argument be logical or illogical, or whether the inferences and deductions drawn by them from the facts in evidence, or facts of a kind of which judicial cognizance may be taken without proof, are correct, or not, this court will have no power to intervene. . . 'What the law forbids is the introduction into a case, by way of argument, of facts not in the record and calculated to prejudice the accused.' " *Brooks v. State,* 55 Ga. App. 227, 231 (189 SE 852). Counsel's statement to the jury could have been deduced

or inferred from the evidence; it did not introduce facts not in evidence. "His deductions may have been very illogical, but the court could not prevent counsel from drawing illogical deductions from testimony which had been introduced." *Taylor v. State,* 83 Ga. 647, 659 (10 SE 442). Accordingly, the trial court committed no error in failing to instruct the jury to disregard the statement of the prosecutor.

3. The trial judge stated to the jury during his charge, "Now, in this case the theory of mutual combat or mutual intention to fight is involved. . ." He then explained the theory of mutual combat. Appellant argues that the above quoted portion of the charge had the effect of intimating an opinion of the trial judge that mutual combat had been proved, and therefore it was error. See Code § 81-1104. We do not agree that the judge's statement amounted to an expression of opinion that mutual combat had been proved.

Appellant cites *Stephens v. State,* 118 Ga. 762 (45 SE 619) and *Dorsey v. State,* 110 Ga. 331 (35 SE 651), as requiring a contrary conclusion. The charges in these cited cases went further than the charge in the present case. In *Stephens,* the judge stated that the evidence tended to prove mutual combat. In *Dorsey,* the trial judge said that the case was one of mutual combat. While these statements may have properly been interpreted as expressing an opinion as to what had been proved, the charge in the present case does not express such an opinion.

4. The verdict was neither contrary to the evidence nor contrary to the weight of the evidence. The verdict is supported by the evidence.

*Judgment affirmed. Pannell, P. J., Quillian and Clark, JJ., concur.*

Argued September 2, 1975 — Decided November 20, 1975 — Rehearing denied December 5, 1975 — 

*Cook & Palmour, Bobby Lee Cook, Little & Adams, Sam F. Little,* for appellant.

*Samuel J. Brantley, District Attorney,* for appellee.