MITCHELL *v.* THE STATE.

No. 16686. JULY 12, 1949.

*Frank G. Wilson* and *Frank M. Hardeman,* for plaintiff in error.

*O. L. Long, Solicitor,* contra.

CANDLER, Justice. (After stating the foregoing facts.) 1. The verdict is abundantly supported by evidence. Consequently the general grounds of the motion for new trial are not meritorious.

2. One of the special grounds in the amended motion for new trial complains of this portion of the charge: "The defendant in this case says that he is not guilty. He says that he knows nothing about this charge and that he did not lay his hands in any manner upon the prosecutor. Should you find his contention to be the truth of the case, you should find a verdict of not guilty in this case. Should you believe beyond a reasonable doubt that the defendant did unlawfully lay his hands upon the person of the prosecutor, then you would convict him of the charge involved." It is contended that the words "Should you find his contention to be the truth of the case, you should find a verdict of not guilty in this case" placed a greater burden on the ac-

cused than he is by law required to carry. There is no merit in this criticism of the charge. Elsewhere in the charge this instruction was given to the jury: "The defendant enters upon the trial of his case with the presumption of innocence in his favor and that presumption of innocence remains with him throughout the trial unless it is overcome by evidence sufficiently strong to satisfy your minds and consciences to a moral and reasonable certainty and beyond a reasonable doubt of his guilt as charged in the accusation, the burden being upon the State to establish the proof of the charge that it has brought against this defendant to a moral and reasonable certainty and beyond a reasonable doubt." Considering that portion of the charge complained of in conjunction with the excerpt just quoted, and with the charge as a whole, it was the equivalent of the judge saying to the jury that unless the State had submitted proof in support of the accusation which was sufficient to show the guilt of the accused to a moral and reasonable certainty and beyond a reasonable doubt they would necessarily be required to find in favor of the defendant's contention of not guilty and acquit him. Consequently that part of the charge complained of neither placed a burden on the defendant of establishing his innocence as the plaintiff in error contends, nor did it withdraw or modify in the slightest degree the instruction previously given to the jury that the defendant could not be convicted unless the State's evidence, after giving proper consideration to the defendant's statement and his evidence of good character, was sufficient to show his guilt to a moral and reasonable certainty and beyond a reasonable doubt. The plaintiff in error has cited and strongly relies upon *Patterson v. State,* 181 *Ga.* 698 (184 S. E. 309), *Williams v. State,* 12 *Ga. App.* 337 (77 S. E. 189), and *McDonald v. State,* 12 *Ga. App.* 526 (77 S. E. 655). But on its facts the case at bar is so clearly distinguishable from those cases that we do not think it necessary to point out the differentiating facts; to do so would only serve to unnecessarily lengthen this opinion.

3. The criticism made of the charge in the other ground of the amended motion for new trial is obviously without merit.

For the reasons stated in the three divisions of this opinion the court did not err in overruling the motion and refusing to grant a new trial.     *Judgment affirmed. All the Justices concur.*